H. L. LAND, CLERK, ETC., v. ALLEN & McCOOL ET AL.

1. BOARD OF SUPERVISORS. *Ratification of act of attorney.*

The subsequent ratification by a board of supervisors of the act of an attorney, in commencing a suit in behalf of the county without being specially employed therefor, is tantamount to a previous employment of the attorney for such purpose, if the board possess original power to employ an attorney to bring such suit. And the allowance of a fee in such case is as valid as if upon an original contract.

65 MISS.—30.

2. SAME.    *Allowance of claim.    Order omitting reference to law.*

The refusal of the clerk of a board of supervisors to issue a warrant upon an order allowing an attorney's fee without referring to the law under which it is made is proper, under Section 2159, Code of 1880, which provides that the order of such board, allowing any claim against the county, shall specify "the page and particular section of the law under which such allowance is made."

APPEAL from the Circuit Court of Attala County.

HON. C. H. CAMPBELL, Judge.

On the 4th of January, 1888, the Board of Supervisors of Attala County made an order to the effect, "that Allen & McCool and H. C. Niles be employed and retained as county attorneys." On the 9th day of that month the attorneys mentioned brought an action in the name of the State, for the use of Attala County, against John T. Riley, ex-treasurer of that county, and the sureties on his official bond, to recover the value of certain United States bonds belonging to the county, and which Riley had converted to his own use or failed to deliver to his successor in office.

At the February, 1888, meeting of the Board of Supervisors, the attorneys reported to the Board their action in instituting the suit against Riley and his sureties; and thereupon the following order was made:

"STATE OF MISSISSIPPI, ATTALA COUNTY:

Order approving the action of attorneys in bringing suit, and allowing them a fee of $125."

SUPERVISORS' COURT, February 8, 1888.

"Ordered that the action of the county attorneys in bringing suit against John T. Riley, for the recovery of the United States Bonds, be hereby approved, and that they be paid the sum of $125 for their fee."

H. L. Land, clerk of the Board of Supervisers, refused to issue a warrant in favor of Allen & McCool and H. C. Niles upon the foregoing order, and thereupon they presented to the Circuit Court a petition stating the facts above set forth, and asking for a mandamus to compel him to issue such a warrant. The clerk demurred to the petition on the grounds, that the Board of Supervisors had no authority to employ or pay attorneys

except for special cases, and that the order relied upon by the petitioners was defective in not specifying the law under which it was made, and in not stating the names of the claimants.   By the judgment of the Circuit Court the demurrer was overruled, and the writ of mandamus awarded as payed in the petition.   Land, the clerk, appealed.

*E. F. Noel*, for the appellant.

I insist that the provision of Sec. 2159 of the Code, requiring the page and section of the law under which an allowance is made, to be entered on the minutes with the order, is mandatory and not directory, and that the failure to make such entry would justify the clerk in refusing to issue the warrant.

It seems to me that the case of *Supervisors* v. *Arrighi*, 58 M., 668, overthrows both the proposition that the judgment of allowance in this case is conclusive, and that the Board can create a liability against the county by ratifying an unauthorized act.

*Monroe McClurg*, on the same side.

The original order, retaining appellees as " county attorneys " when no suit was pending, threatened nor anticipated, was void.   *Marion Co.* v. *Taylor*, 55 Miss., 184.

Not having employed appellees according to the statute, the Board of Supervisors had not authority to approve what they had done when all necessity for it had ceased.   *Supervisors* v. *Patrick*, 54 Miss., 240; *Jefferson Co.* v. *Arrighi*, Ibid., 668.

The statute requires supervisors to refer, by memoranda on their minutes, to the page and section of law authorizing allowances, and their orders must also show the name of the person, the amount allowed, and on what account allowed. § 2159, Code 1880.   There being no such reference upon this order, it was the duty of the clerk to have exercised a discretion, and to refuse to become a party to an unlawful scheme.   *Ex parte Rowland*, 04 U. S., 604; 18 Wall. U. S., 71; 95 U. S., 769; 99 U. S., 582.

*Allen & McCool*, and *J. C. Niles*, pro se. ·

It is immaterial whether there was previous direction to bring the suit brought by appellees or not, since an unauthorized act of attorneys and agents becomes authorized and valid by a subsequent ratification.   The Board had legal authority to

employ counsel, and a subsequent ratification of the unauthorized act of attorneys is equivalent to an original authority to do what was done by the attorneys, and the acquiescence relates back to the time of the original transaction. *Lowry* v. *Harris*, 12 Minn., 255; *Hankins* v. *Baker*, 46 N. Y., 666 and 670; *Forsyth* v. *Day*, 46 Me., 176.

Appellees insist that the judgments of the Board are valid and conclusive, until reversed on appeal, and that the *defendant* having failed to *appeal* as required by law is estopped to attack them collaterally.

A Court having jurisdiction of the person and subject matter cannot render a void judgment. If it is voidable or erroneous, it can only be reversed or attacked on direct appeal. If erroneous a clerk cannot take advantage of the fact in this proceeding. A clerk cannot question the judgments of this Court. 51 Miss., 206; 63 Miss., 93. He is a servant of the Court, armed with ministerial functions and duties, and not judicial. Judgments of Boards of Supervisors import absolute verity, are conclusive of the facts recited, and are placed on the same plane with those of other Courts of Record. *Arthur* v. *Adam & Speed*, 49 Miss., 404 to 411; *Klein* v. *Board of Supervisors*, 54 Miss., 258.

Nothing can arise to the detriment of relators, or vitiate the warrant or allowance to them, because of the failure to refer to the particular section of law, authorizing the allowance. If the authority exists, that is all that is required, for the issuance of the warrant,

The *direction* is *simply directory*.

COOPER, C. J., delivered the opinion of the Court.

Since the Board of Supervisors might have made a valid contract with appellees for the services rendered by them, we see no objection to its subsequent ratification of the act and payment for the services of which the county had the benefit; but the order making the allowance does not refer to the law under which it is made, and while we do not decide that it was on this account void it was sufficient to justify the action of the clerk in refusing to issue the warrant. Section 2159 of the Code

requires that " the order allowing the claim shall be entered on the minutes, specifying the amount allowed, the page and particular section of the law under which such allowance is made, and on what account; and the clerk shall issue a warrant on the county treasurer, under the seal of his office, in favor of the claimant for the amount allowed." In the order neither the name of the parties, nor the section of the law under which it was made was given, and the clerk rightly refused to act under it. The law is intended for the protection of the counties against unlawful claims, and a rigid compliance with its terms should be required by the clerks 'of the boards as a condition of their action in issuing warrants. It is the fault of the claimants that they did not see to the entry of the proper judgment on their claim.

*The judgment is reversed and the suit dismissed.*