JONES, Chancery Clerk, *v.* LITTLE

(Division A. Oct. 22, 1923.)

[97 South. 578. No. 23535.]

1. COUNTIES. *Enabling act held not to authorize payment for bridge under void contract, except where sufficient funds at disposition of board when allowance made.*

   Chapter 634, Laws of 1922, does not conflict with chapter 326, Laws of 1920, but merely enables the county to pay for a bridge erected under a void contract, provided sufficient funds are at disposition of the board of supervisors at the time the allowance is made, or the debt incurred as provided by the latter act.

2. COUNTIES *Laws providing independent method of acquiring property by county held not to necessarily involve acquisition of and payment for bridge.*

Sections 7134 and 7135, Hemingway's Code, chapter 170, Laws of 1916, provides an independent, but not exclusive, method of acquiring property by the county, and is not necessarily involved in acquiring and paying for a bridge by the county.

APPEAL from chancery court of Smith county.

HON. T. P. DALE, Chancellor.

Suit by J. A. Little against W. H. Jones, Chancery Clerk. From a decree for plaintiff, defendant appeals.   Affirmed.

*Hilton & Hilton,* for appellant.

It should be noted that chapter 364 of the Acts of 1922— "Smith county may pay J. J. Mangum for bridge.   section 1.   Be it enacted by the legislature of the state of Mississippi, that the board of supervisors of Smith county, Mississippi, are hereby authorized, in their discretion to pay J. J. Mangum the sum of four thousand, seven hundred seventy dollars in payment of a bridge constructed by the said J. J. Mangum across Ocohay Creek on the Mize and Raleigh road, said amount to be paid out of any proper funds at the disposition of the said board of supervisors.   Section 2.   That this act take effect and be in force from and after its passage.   Approved March 10, 1922."—gives the board of supervisors the right and power to pay for this bridge out of any proper funds at the disposition of the said board of supervisors.   The board of supervisors is not limited to the county funds, but the board of supervisors could pay for this bridge out of any proper funds at its disposition.

The court below reasoned this to be a private bridge on the public highway because of the decision of this court in *Smith County* v. *Mangum,* 89 So. 913, and reached the conclusion that section 7133 of Hemingway's Code is the remedy by which the county could take this bridge over, and because section 7135 as a general statute directing that bridges privately owned should be paid for either

out of the general county funds or bond funds, that this bridge could be paid for in no other way.

The court below lost sight entirely of the proposition that sections 7133 and 7135 are general statutes. There is no question of the right of Smith county under the general statute (section 7133 of Hemingway's Code) to have acquired this bridge and paid for it as provided by section 7135, entirely out of the bond or county road funds; but it seems that Smith county did not want to thus acquire the bridge; hence this special enactment (chapter 634, Acts of 1922) which gave to Smith county in this special cause and under the special circumstances the right to take this bridge over and pay for same out of any proper funds at the disposition of the board of supervisors.

The court below made the great mistake of ignoring entirely chapter 634 of Acts of 1922, or making it so subservient to section 7135 of Hemingway's Code that its enabling power was completely annulled. There is no conflict between this chapter 634 of the Acts of 1922 and any other statute referred to or brought into this case. Is the order void because at the time the order was passed thre were no funds to pay for same?

We think not for the reason that the general statute, chapter 326, Acts of 1920, to have any force and effect whatever construed to it must make an exception to section 3, chapter 326, of the Acts of 1920, which limits or curtails the right and power of the board of supervisors to contract an indebtedness unless there are funds to meet same.

In other words that the board might take on the burden of this as a debt and obligation and that same could be paid for out of any proper funds at the disposition of the board of supervisors.

Chapter 326, Acts of 1920, is intended to curb the board of supervisors in contracting more debts than the tax funds would pay as also the issuance of warrants before

funds are in the treasury to take care of them. There is really no conflict in this special Act of 1922 and the Act of 1920. By its order the board designated the funds for the payment of this debt and there was no attempt to issue any warrant until the funds became available. The legislature recognized there was no debt; gave to the board of supervisors the right nevertheless to pay for this bridge, and created the payment as a debt, provided the board of suprvisors saw fit to do so.

Counsel below relied on *Marshall County* v. *Callahan et al.,* 94 So. 5, which case construes section 3, chapter 326, Laws of 1920, which amends section 3, chapter 209, Laws of 1918. The two together prohibit the issuance of a warrant or the contracting of an indebtedness of the board of supervisors when there are not funds available to take care of the warrant or indebtedness. To place the construction on the *Marshall County case, supra,* in its applicability to the case at bar, which counsel for appellee contends, would be to extinguish chapter 634 of Acts of 1922 entirely.

The court below sought to abridge the authority of the board of supervisors given by chapter 634 of the Acts of 1922 by the general statute, which had no bearing on the authority and power of the board of supervisors to act, and if it did the general statutes should not be made so rigid as to absolutely annul the power and authority granted under the special statute.

*S. V. Little* and *Tullos & Martin,* for appellee.

The agreed statement of facts show that at the time the board of supervisors passed the two orders allowing the payment to J. J. Mangum for said bridge out of Beat Three maintenance funds, there were no funds to the credit of the maintenance funds of said beat, and said orders were in violation of chapter 326 of the Acts of 1920, and therefore void.

Chapter 364 of Acts of 1922 authorized the board of supervisors to pay to J. J. Mangum, in their discretion, the sum of four thousand, seven hundred seventy dollars for the building of the bridge in question, out of the proper funds at their disposition. But we insist that the said board of supervisors had no proper funds at their disposition out of which to pay for said bridge.

The bridge in question is a privately owned bridge; and sections 7134 and 7135 provide a method by which the board of supervisors may acquire and pay for such bridges.

Holden, J., delivered the opinion of the court.

The appellee, J. A. Little, as a resident taxpayer enjoined the appellant chancery clerk from issuing warrants in payment for a bridge erected by J. J. Mangum across a stream in district 3 of Smith county, and from a decree of the chancery court making the injunction perpetual this appeal is prosecuted.

The question involved in the case is whether or not the order of the board of supervisors, allowing for the payment of the bridge out of the maintenance fund of district 3 the amount due Mangum for the construction of the bridge, was void; it being contended by the appellee that the order making the allowance was void, because it violated chapter 326, Laws of 1920, in that it "incurred an indebtedness" without sufficient money being in the particular fund from which the indebtedness was to be paid. It appeared from the record that at the time the order was made by the board there was not sufficient money in the particular fund out of which it was provided the amount should be paid.

The appellee opposes this view and urges the allowance was valid, even though it was the incurrence of an indebtedness to be paid out of a fund which at that time was insufficient, because of the enabling act granting such authority as appears in chapter 634, Laws of 1922, which provides as follows:

*"Smith County May Pay J. J. Mangum for Bridge.*

"Section 1. Be it enacted by the legislature of the state of Mississippi, that the board of supervisors of Smith county, Mississippi, are hereby authorized in their discretion to pay J. J. Mangum the sum of four thousand, seven hundred seventy dollars in payment of a bridge constructed by the said J. J. Mangum across Ocohay creek on the Mize and Raleigh road, said amount to be paid out of any proper funds at the disposition of the said board of supervisors."

It is well to give here a brief statement of the matter leading up to the last-named legislative act. Mangum erected the bridge for the supervisors of Smith county under a void contract, as held by this court in *Board of Supervisors* v. *Mangum,* 127 Miss. 192, 89 So. 913. Following this, it seems that the board was satisfied with the work performed by Mangum and desired to pay him, but could not do so since the contract was void, and to pay for the bridge would have been without legal authority; so the last-named enabling act was passed in order that the amount due Mangum could be legally paid to him by the board.

Following this, the allowance was made by the board and warrants ordered to be issued at some time in the future when sufficient money to pay them would be placed in the fund of that district, out of which the allowance for the bridge was to be paid. But at the time the board made the order there was not sufficient money in the fund against which the allowance was made, but it was expected, and it became true, that sufficient money would come into that fund later on when the taxes were collected.

Now the precise question presented for our decision is whether or not the legislative enabling act of 1922 intended to authorize the incurring of the debt even though there be at the time insufficient money in the designated fund with which to pay it. If this act be so construed, then

it would be in conflict with the said chapter 326, Laws of 1920, which provides:

"That no warrant shall be issued or indebtedness incurred by any county or municipality unless there is sufficient money in the particular fund from which the allowance is or must be made, to pay such warrant or indebtedness,"—and the enabling act would have the effect of repealing the 1920 act to the extent indicated; and it would necessarily follow that the allowance made by the board in this case would be valid.

After due consideration we reach the conclusion the enabling act of 1922 did not intend to contravene the said general law, chapter 326, Laws of 1920, with reference to issuing warrants or incurring indebtedness unless sufficient funds be on hand at the time out of which the indebtedness could be paid. We are convinced the legislature in the 1922 act intended to go no further than to authorize the board to make an allowance with which to pay for the bridge "out of any proper funds at the disposition of the said board of supervisors."

The act merely intended to authorize the board to pay for the bridge, or incur the indebtedness for it, "to be paid out of any proper funds (then on hand) at the disposition of the board" at the time the order of allowance was made. It did not authorize the incurrence of the debt regardless of whether sufficient funds were on hand; nor did the act, as contended by appellant, intend to create a debt or a contract between the board and Mangum; or, to put it in another way, the legislative act by itself did not incur an indebtedness of the county to Mangum, because the act provides it shall be in the discretion of the board to incur the debt and to pay Mangum the amount of money due him for the bridge. Therefore the order of the board was void as being in conflict with the provisions of the said chapter 326, Laws of 1920.

Our decision is confined alone to the one question above; except we also decide now that there is no merit in the

point made by the appellee that sections 7134 and 7135, Hemingway's Code, c. 170, Laws of 1916, are involved, and that the only remedy the board had was to take over the bridge under the authority of these sections. This method of acquiring private property by the board is independent and has no connection whatever with the question of the acquisition of the bridge by the board in this case.

The judgment of the lower court is affirmed.

*Affirmed.*