CAMPBELL *v.* HUMPHREYS COUNTY.

[97 South.  722.  No. 23533.]

(Division A. Oct. 22, 1923. Suggestion of Error Overruled Nov. 19, 1923.)

1. COUNTIES.  *Clerk of board of supervisors without authority to amend order of board without order authorizing it.*

    The clerk of the board of supervisors has no right, at a time subsequent to the meeting at which it is entered, to amend an order or judgment of the board made in its judicial capacity without a precedent order of the board authorizing such amendment.

2. PUBLIC LANDS.  *Meeting of township heads of families to determine lease of sixteenth section held invalid.*

    Evidence examined with reference to alleged meeting of township heads of families under section 4711, Code of 1906, section 7552, Hemingway's Code, to determine whether sixteenth section should be leased for a term of years, and *held* to show that no such meeting as required by law was held because all the facts and circumstances attending the meeting in question showed that in legal effect such alleged meeting was a fraud upon the rights of the beneficiaries of the sixteenth section involved.

APPEAL from chancery court of Humphreys county. HON. E. N. THOMAS, Chancellor.

Suit by Humphreys county against W. E. Campbell. From a judgment for plaintiff, defendant appeals. Affirmed.

*Barnett & Perrin,* for appellant.

This is the second appeal in this case. The opinion in the first appeal is reported in 128 Miss. page 749. This appeal was by Humphreys county from a decree sustaining a demurrer to its bill against W. E. Campbell, who is now appealing.

The original certificate of the trustees of the sixteenth section was put in evidence, and it showed that the certificate not only had been sworn to, but had been signed by the trustees. The minutes of the board of supervisors of Yazoo county, as amended by the clerk of the board, the same person who was its clerk when the lease to appellant was ordered, were put in evidence, and as amended showed that the certificate was both sworn to and signed.

We do not dispute that the authority to direct and approve the lease should affirmatively be shown, but we do insist that this showing, in the matter of the lease of sixteenth sections, does not depend upon the certificate of the trustees appearing upon the minutes, and that its existence can otherwise be shown in support of the power of the board of supervisors to act. The steps to be taken, as required by the law, in the leasing of sixteenth sections are as follows:

1. The notice to the heads of families residing in the township. 2. The assent of those present at the meeting to a lease for a term longer than one year. 3. The certificate of the trustees of what had been done by them and by the heads of families in meeting assembled, sworn to by the trustees, and also signed by them, as held in the opinion. 4. The transmission of the certificate to the board of supervisors. 5. The direction by the board to the county superintendent to make the lease. 6. The making of the lease by the county superintendent "with the approval of the board of supervisors, and upon consent being obtained as provided in section 4711."

Second, The original minutes of the board of supervisors of Yazoo county, under an order of the chancellor, have been made a part of the record on this appeal.

Third. The minutes of the board of supervisors of Yazoo county were amended by its clerk who was, at the time the lease was made and has been continuously since, the clerk of the board. The court below was of the opinion that the amendment could not be by it considered.

Fourth. The certificate is claimed not to be sufficient for the reason that the jurat of the officer does not show that he acted within his territorial limits.

Fifth. The court below evidently was of the opinion that the evidence showed that proper notice of the meeting of the hands of families had been given and that such meeting was properly held, otherwise the court would not have allowed the appeal. If the proper notice were given the assent of a majority of those present at the meeting was all that was required. *Hawkins* v. *Board of Supervisors,* 50 Miss. 735, 753.

Sixth. It was intimated in the opinion of this court on the former hearing that the certificate might be considered incomplete because of a blank space in it, left for the name of Smith, the third trustee.

Seventh. There is one other point made by the bill not alluded to above, and that is that appellee, as lessee executed no notes for the rent to be paid.

We submit that in signing and accepting the lease, the appellee in effect executed notes.

This requirement of notes has been embodied in our legislation for many years, probably for the reason that at one time it was questionable, that a lessee accepting a lease, made himself personally liable. *Lee* v. *Newman,* 55 Miss. 365. In *Washington* v. *Soria,* 73 Miss. 665, the case of *Lee* v. *Newman,* was overruled as to this feature, and it was held by accepting an instrument which stipulated for future payments, the person accepting became personally bound therefor. See *Masons* v. *Priebatsch,* 83 Miss. 120, as to what is a note.

Eighth. It is further objected that W. E. Campbell, mayor of Silver City, could not take the affidavit of the trustees as he was an interested person, the interest being that he desired to lease the land.

Ninth. The bill charges that two of the trustees were related to Campbell by affinity. The certificate to be sworn to was to be made by the trustees in their official capacity, and not as to a transaction in which they were personally concerned. 1 Am. and Eng. Enc. of L., 493, 494.

*H. F. Jones* and *Green & Green,* for appellee.

A fraud perpetrated upon the board of supervisors of Yazoo county to which W. E. Campbell was a party, and from which W. E. Campbell cannot profit. By section 4706, of the Code, it is provided that it is the duty of the superintendent of education, with the approval of the board of supervisors, and upon consent being obtained as provided in section 4711, to lease the sixteenth section lands.

This was no authority whatever for Campbell to surrender his lease—See sections 322 and 3578 for the sole power to acquire land. He is not entitled to have a reversal of the cause even though there be error therein. *Hill* v. *State,* 64 Miss. 431. This court correctly held those steps conditions precedent—jurisdictional, to the validity of the lease prescribed in section 4711.

Counsel's contention as to the validity of the execution of the certificate not here sustainable. If the consent provided by section 4711 has not been obtained, even though the minutes should so show, the superintendent cannot make the lease. This rule of the court is absolutely in line with *Wallace* v. *Tucker,* 104 Miss. 94; *Adams* v. *Bank,* 103 Miss. 753; *Hinton* v. *Perry County,* 84 Miss. 546; *Garner* v. *Webster County,* 99 Miss. 565; *Craft* v. *De Soto County,* 79 Miss. 618; *Bolivar County* v. *Coleman,* 71 Miss. 835; *Henry* v. *Sunflower County,* 71 So. 742; *Sexton* v. *Coahoma County,* 86 Miss. 384.

The sixteenth section in controversy is now in Humphreys county and therefore the board of supervisors of Yazoo county at the date of this assumed entry did not have any power thereover, and an amendment of its minutes would be void because located in another county.

The certificate is not sufficient for the reason that W. E. Campbell did not show that he acted within his territorial authority. The trustees' duty was judicial in the premises and therefore beyond the power of the trustees to function otherwise than in accordance with the statute.

The statute expressly declares that the trustees shall act and contains no reference to a majority of them in a matter of this character where they stand as trustees. Two of the trustees were closely related to Campbell by affinity, and they were the judges who were called upon to protect the public and yet, in this cause, they did not realize for these children, even approximately a small portion of that to which the children were lawfully entitled.

The law of the case. Waiving the fundamental rights developed on the hearing, nevertheless further discussion of every point raised by appellant is precluded by the prior decision of this court.

Argued orally by *D. R. Barnett,* for appellant, and *Garner W. Green,* for appellee.

ANDERSON, J., delivered the opinion of the court.

This is the second appearance of this case in this court. As here on the first appeal it is reported in 128 Miss. 749, 91 So. 449. The case is here now on bill, answer, and proofs. The clerk of the board of supervisors of Yazoo county, claiming to have found among the papers and records in his office the original certificate of the township trustees signed by them as required by law, has, without a precedent order or resolution of the board of supervisors authorizing it, written the names of said trustees in the

minutes of the board of supervisors where they should
have appeared if signed to the original certificate.   In
other words, the clerk of the board of supervisors has un-
dertaken to do now what he conceived was his duty to
do some years ago when said certificate was acted on by
the board of supervisors.   The clerk, of course, in doing
this proceeded upon the idea that the original certificate
of the township trustees at the time it was filed in his
office and acted upon by the board of supervisors con-
tained their signatures.   Whether this was true or not is
not shown by the evidence.   The presumption is that the
order of the board of supervisors showing the absence
of the signatures represented the true facts as they existed
at the time of the making of such order.   But if the con-
trary were shown, still the clerk had no authority at a
subsequent meeting to amend the record of the board of
supervisors by inserting the names of the trustees.   The
clerk of a court has no authority to amend, change, or cor-
rect the judgment of a court without a precedent order of
the court directing him so to do.   23 Cyc. 863, and cases
referred to in notes.   The same principle applies to the
orders and judgments of a board of supervisors.   Under
our system the boards of supervisors in many respects act
judicially and are courts, and their judgments and orders
can be amended only in the manner the judgments and
order of courts of record are required to be amended.

However, it is not necessary to rest the decision of this
case alone on that ground.   We hold that there was in
fact never any meeting of the heads of families of the
township as required by the statute; that, whether in-
tended or not, what took place with reference to the meet-
ing in question amounted in legal effect to a fraud on
the rights of the beneficiaries of the sixteenth section.   Ap-
pellant's lease of the section had not expired by a year
or two.   For some unexplained reason he sought to sur-
render the unexpired portion and get a new lease for a
period of fifteen years.   He had the county attorney to

prepare notices calling a meeting of the heads of families
of the township in which this section was located and
had these notices posted. At the time appointed for the
meeting there were only three persons present, namely,
appellant and two of the trustees, Miller and Hairston.
Miller was a brother-in-law of appellant. It may be con-
ceded that they were all heads of families of the township.
Appellant, of course, on account of his interest sat as
judge in his own case. The two trustees were required by
the statute to organize the meeting and take the sense
thereof as to whether the land should be leased for a term
of years. How could they organize a meeting of the heads
of families when the only heads of families present to be
organized besides appellant were themselves? Under the
statute they acted as trustees for the entire township, that
is, the heads of families of the entire township; at the same
time they were called on to act for themselves as mem-
bers of the heads of families, and one of them was further
hampered by the fact that appellant, the only other head
of a family of the township present, was his brother-in-
law and deeply interested in the result. It would seem
that the trustees could not organize the meeting and take
the sense of it and at the same time constitute its only
membership; that one function would do away with the
other. Furthermore, it was held in this case on the former
appeal that the certificate of the trustees required by sec-
tion 4711, Code of 1906, section 7522, Hemingway's Code,
was a fundamental step in making a valid lease of this
sixteenth section. It is also true that the oath of the
trustees required by the statute was equally vital. That
was administered by the appellant, who was at the time
mayor of some village in Yazoo county. In addition, the
evidence tends to show that the amount for which this
section was leased to appellant was insignificant as com-
pared to its real value. We do not hold that each of these
steps was illegal, or that any one of them was, but we do
hold that all of them taken together with the other facts

and circumstances in the case there was no meeting of the heads of families in the township as required by the statute; that what did take place, although the actors may have been prompted by the utmost good faith, amounted to a fraud in law on the rights of the beneficiaries of this sixteenth section, and vitiated the whole proceeding.

.                                                        *Affirmed.*