MAGEE *v.* SIMPSON *et al.*

(Division A. Nov. 6, 1933. Suggestion of Error Overruled Jan. 1, 1934.)

[150 So. 753. No. 30773.]

Ross R. Barnett, of Jackson, for appellant.

320

**H. B. Greaves,** of Canton, for appellees.

Argued orally by **H. B. Greaves,** for appellee.

**Smith, C. J.,** delivered opinion of the court.

This is an appeal from a judgment dismissing a petition for a writ of mandamus. The board of supervisors of Madison county made an order allowing the appellant damages sustained by her because of the laying out of a public road through her land. She failed to obtain the payment of the damages awarded her and filed this petition against the members of the board of supervisors, alleging, among other things, the county was without funds with which to pay, and prayed for a writ of mandamus directing the board of supervisors to levy a special tax for that purpose.

The record presents several interesting questions; but there is one at the threshold which, if decided against the appellant, renders unnecessary a consideration of the others.

The order allowing appellant's claim for damages fails to specify "the page and particular section of the law under which" the allowance was made, as required by

section 255, Code 1930, as amended by Laws 1932, chapter 202; consequently the order making the allowance is void. Beck v. Allen, 58 Miss. 143; Newton County Bank v. Perry County, 135 Miss. 129, 99 So. 513.

Counsel for the appellant say that this section of the Code applies only to general claims against the county, and not to such as are specially provided for by other statutes setting forth the procedure to be followed by the board in allowing the claims thereunder. The statute covers "all demands and accounts against the county," and we are not at liberty to restrict this all-inclusive language by construing it as if written "all demands and accounts against the county except such as arise under statutes setting forth the procedure to be followed by the board in passing thereon."

Affirmed.