PRICE, STATE AUDITOR, *v.* WINSTON COUNTY.

(Division A. Dec. 10, 1934.)

[157 So. 909. No. 31438.]

Lotterhos & Travis, of Jackson, for appellant.

Rodgers & Prisock, of Louisville, for appellee.

**Smith, C. J.**, delivered the opinion of the court.

This is an appeal from a judgment denying the appellant a recovery for the use and benefit of the accounting department of the state of Mississippi of the expense incurred by him under section 3753, Code of 1930, in auditing the books of the county. This expense was apportioned to the county, and a demand for the payment thereof was made under section 3748, Code of 1930. Partial payments were made by the county on the bill so rendered, and failing to pay the balance thereof resulted in the institution of this suit.

A special plea of res judicata was filed by the appellee, to which the appellant replied, and a demurrer by the appellee to this replication was sustained. On the appellant's declining to plead further, the cause was dismissed. It appears from the special plea, and the replication thereto, that in April, 1932, the appellee's board of supervisors entered on its minutes the following order: "Ordered that the following accounts be paid out

of the common county fund:—Warrant No. 420, state Accounting Department, Joe S. Price, Chief Inspector, two hundred twenty-one dollars and twenty-five cents." This order does not refer to the page and section of the law under which the allowance was made, as required by section 255, Code 1930, which was brought forward into chapter 202, Laws 1932, but the chancery clerk, after the minutes were signed and approved and the board of supervisors had adjourned, noted on the order the words "Code 1930, section 3748." No appeal was taken from this order, and a warrant was issued thereunder, accepted by the appellant, and cashed. This warrant reads as follows:

"Pay to state Accounting Dept. or order Two Hundred Twenty-one Dollars and Twenty-five cents, being the amount allowed by the Board of Supervisors at the above term for audit Joe S. Price, Chief Inspector (on Acct.) out of the Com. Co. Fund and for so doing this shall be your Warrant.

"Given under my hand and seal of office this 7 day of April, 1932.

"L. W. Adams, Clerk."

Leaving out of view and expressing no opinion on the sufficiency of this order of the board of supervisors to set forth the purpose for which the warrant was ordered to be issued, its failure to set forth the statute under which the allowance was made renders it void, Magee v. Simpson, 168 Miss. 318, 150 So. 753; Gully, State Tax Collector, v. Bridges (Miss.), 156 So. 511, and the clerk of the board of supervisors was without authority to supply this defect therein, Campbell v. Humphreys County, 133 Miss. 410, 97 So. 722. The order therefor furnishes no basis for a plea of res judicata. But, it is said by counsel for the appellee that, if the order is void, the entry thereof and the acceptance of the warrant thereunder constitutes, if not res judicata, an estoppel against the appellant to claim that any further

payments are due on the bill rendered by him. Neither the order nor the warrant recites that the one was made and the other issued in full of the amount claimed by the appellant, and therefore the acceptance of the warrant does not constitute a settlement of the controversy.

Reversed and remanded.