SMITH *v.* COVINGTON COUNTY.

(Division A. Jan. 21, 1935.)

[158 So. 919. No. 31494.]

J. B. Mayfield, of Poplarville, for appellant.

E. L. Dent, W. W. Dent and Robert L. Calhoun, all of Collins, for appellee.

Argued orally by **J. B. Mayfield**, for appellant, and by **W. W. Dent**, for appellee.

**Cook, J.**, delivered the opinion of the court.

Appellant instituted this suit against Covington county and the present board of supervisors thereof, alleging in his declaration that he had entered into a legal, valid, and binding oral contract with the board of supervisors of Covington county to do certain road construction work in said county; that in pursuance of said contract he expended a large amount of money and did a large amount of road construction work, for which the board of supervisors failed and refused to pay him; that for

work done in supervisors' districts Nos. 3 and 4 of said county he presented to a former board of supervisors his account and claim, and that said board entered orders allowing the amount of his claim, upon which orders partial payments were made to him, leaving a balance due of eight thousand four hundred eight dollars and sixty-five cents; that from year to year said board failed and refused to provide funds for the payment of this balance until on or about June 14, 1932, when it entered an order finally rejecting and disallowing his claim for this balance.

By this declaration the appellant sought a recovery against the county of this alleged balance due him for work performed, and money expended, in the construction of public roads, and as exhibits to the declaration there was filed copies of the original orders of the board of supervisors allowing the claim, a copy of the order finally disallowing the balance claimed, and a copy of a special act of the legislature seeking to ratify, validate, and confirm the aforesaid oral contract between the appellant and the county, and authorizing the board of supervisors to audit and determine what amount, if any, was due appellant under the contract, and to pay such amount as they found to be due, if any, out of any funds available for that purpose, and also authorizing the said board to issue to appellant notes or loan warrants for any sum found to be due him in the event funds were not then available for the purpose.

After a demurrer to the declaration was overruled, a plea of the general issue and numerous special pleas were filed. By these pleas the validity of the original orders of the board of supervisors allowing these claims was challenged on the ground that they failed to specify the page and particular section of the law under which the allowance was made, as required by section 255, Code 1930, while the validity of the said special act of the legislature was challenged on the ground that it violated paragraph (1), section 90, of the constitution, pro-

hibiting the legislature from enacting local or special laws with reference to the laying out, opening, altering, and working roads and highways. The plea also challenged the validity of this special act of the legislature on the ground that it was in conflict with the general law found in chapter 202, Laws 1932 (amending section 255, Code 1930), regulating the auditing and allowing of accounts by boards of supervisors, and was an attempt to ratify and confirm a contract which in fact never existed. By agreement the cause was submitted to the court without the intervention of a jury, and upon the proof offered the court held that the appellant was not entitled to recover any sum, and from the judgment entered in favor of the county this appeal was prosecuted.

That the alleged oral contract between the appellant and the board of supervisors for the construction of public highways had no validity was settled in the case of Smith County v. Mangum, 127 Miss. 192, 89 So. 913, and many other cases, and we do not understand that there is any contention that the original contract was valid. The appellant is here seeking to recover on the strength of the purported adjudication of the amount and validity of his claim by the board of supervisors, as appears in the original orders of the board allowing the claim, and the special act of the legislature attempting to validate and confirm the alleged oral contract. We deem it unnecessary to here pass upon the constitutionality of the said special act of the legislature, for, if it be conceded that this act is valid, we still do not think the appellant has shown any right to recover.

The orders of the board of supervisors making allowances to the appellant out of funds of districts Nos. 3 and 4 do not specify the page and particular section of the law under which the allowances were made, as required by section 255, Code 1930, and were therefore void. Price, State Auditor, v. Winston County (Miss.), 157 So. 909; Magee v. Simpson, 168 Miss. 318, 150 So. 753; Gully, State Tax Collector, v. Bridges (Miss.), 156

So. 511; Newton County Bank v. Perry County, 135 Miss. 129, 99 So. 513; Land v. Allen, 65 Miss. 455, 4 So. 117. The order provided further that warrants for the sums allowed should be written "when funds are available out of funds that may be due the above district." If this language means, as we understand it to mean, that there were then no funds available for the payment of the allowances, the orders were void for the further reason that they were in conflict with section 5979, Code 1930, which provides, among other things, that "No warrant shall be issued or indebtedness incurred by any county or municipality unless there is sufficient money in the particular fund from which the allowance is or must be made, to pay such warrant or indebtedness." Jones v. Little, 133 Miss. 403, 97 So. 578; Marshall County v. Callahan, 130 Miss. 271, 94 So. 5.

Since these orders of the board of supervisors were void, they did not constitute proof of the amount of any claim against the county, or liability for any such claim, or any other fact recited therein. The only proof offered by the appellant to establish any claim against the county was his general statement that he performed work for the county under an oral contract, for which it was due him a balance of seven thousand six hundred thirty-three dollars and sixty-five cents. The further examination of the appellant, however, conclusively demonstrated that he based this statement solely upon the recitals of these void orders as an adjudication of the amount due him, and the liability of the county therefor, and that he had no independent knowledge of the amount, if any, that was due him. He did not set forth any of the terms or provisions of the alleged contract, did not produce any statement of account showing the nature, character, or amount of work performed, or the amount of money expended, or the purpose of any such expenditure. He admitted that he did not have any statement of account or any other data bearing upon these matters, and also admitted that at the adjourned meeting of the board of

supervisors held for the sole purpose of auditing his claim and determining the amount, if any, that was due him, he presented no statement of his claim or other evidence to establish any claim or indebtedness against the county, but relied solely upon the original orders of the board of supervisors attempting to allow his claim. In the presentation of his claim before the board of supervisors, and in the trial of this cause in the court below, he relied on these void orders as constituting a stated account between him and the county, and offered no evidence whatever to establish his claim. As previously stated herein, these void orders of the board of supervisors were not legal proof of anything, and consequently there was nothing before the board of supervisors which would have authorized an allowance of any sum, and there was no proof before the court in the case at bar to support a judgment in favor of the appellant. The judgment of the court below will therefore be affirmed.

Affirmed.