### Newton County Bank *v.* Perry County *et al.**

(Division A.   April 14, 1924.)

[99 So. 513.   No. 23866.]

1. Counties. *Requisites for order allowing claim by board of supervisors, stated.*

   Under section 3714, Hemingway's Code (section 341, Code 1906), an order of the board of supervisors allowing a claim is not a

135 Miss.—9.

valid judgment unless it specifies the amount allowed, the page and section of law under which the allowance is made, and on what account.

2. Counties. *Claim allowed under void order of board of supervisors not res judicata.*

   A claim allowed under a void order of the board of supervisors is not *res adjudicata*, and the claim may be heard upon its merits by the court and recovery denied or granted against the county upon the evidence.

3. Counties. *Showing claim against county for estimating timber for assessment disallowed for incorrectness, competent in suit against county; evidence held insufficient to sustain decree for plaintiff in suit against county for estimating timber for assessment.*

   In a suit against the county to recover for services rendered in estimating timber subject to assessment for taxes, it was competent to show the estimate substantially incorrect and disallow the claim for that reason. *Held,* proof here was sufficient to support finding of fact by the court.

---

*Headnote 1.  Counties, 15 C. J., section 367 (1925 Annotations); 2.  Counties, 15 C. J., section 371;  3.  Counties, 15 C. J., section 384.

Appeal from chancery court of Perry county.
Hon. V. A. Griffith, Chancellor.
Suit by the Newton County Bank against Perry County and another.  From a decree dismissing the bill, plaintiff appeals.  Affirmed.

*Byrd & Byrd* and *Flowers & Brown,* for appellant.

We base our right to a reversal of this case upon the following propositions: (1)  The order of the board of supervisors made and entered at the October, 1920, meeting of said board was in fact and in law a judgment accepting the estimate presented by Bassett and that being a judgment it was and is *res adjudicata* of all questions which could have been raised at that time, that is to say, as to all questions of the correctness of the estimate, the questions as to who did the actual estimating, the ques-

tions as to what lands were estimated and whether or not they were the actual lands intended by the board of supervisors to be estimated, and, in fact all questions as to whether or not Bassett lived up to his contract. And further, that being a judgment no attack could be made on it in this suit because to do so would be making a collateral attack on a judgment of a court of competent jurisdiction, and no testimony is admissible or should have been admitted going behind said judgment or attacking its regularity or the propriety of entering it. (All of the evidence attacking the judgment or attempting to go behind the judgment having been objected to by the appellant and admitted by the court over its objections).

Now this court has held, on numerous occasions, that in similar orders, the word "receive" is the same as "accept," and that receive as used in such an order does not mean simply to receive for the purpose of filing or actual manual possession, but means accepting for all purposes. *Mills, et al.,* v. *Scott, et al.,* 62 Miss. 525; *Gwynn* v. *Richardson, et al.,* 3 So. 579; 33 Cyc., page 1573; 7 Words and Phrases, 1st Series, under "Receive."

It is, we submit, plain that this order fixes the liability, and because it does not recite the exact amount it does not become any less a judgment. It is similar, if the court please, to a judgment of the circuit court when a judgment is given on the question of liability and a writ of inquiry is awarded to assess the damages. No one would say, we presume, that the judgment of the circuit court as to liability is void or not a judgment because the amount of damages is left out.

It is universal that all things are presumed to have been litigated or adjudicated in a cause which could have been litigated therein. The board of supervisors was, in this matter, a court of competent jurisdiction, with full jurisdiction over the parties and the subject-matter. This court has held, numbers of times, that the functions of a board of supervisors in passing upon matters of this

kind are judicial. *George County* v. *Bufkin*, 78 So. 781; *Arthur, Clerk, etc.*, v. *Adam & Speed*, 49 Miss. 404. In all these cases quoted, and the cases and text books cited in.them, the boards of supervisors are held to be courts and their judgments, like that of any other court, are final until vacated or reversed, and they cannot be collaterally attacked.

Now, when Bassett's estimate was filed and the board passed an order receiving the same, that order was a judgment and as such is final and conclusive, there having been no appeal therefrom. 15 R. C. L. 877, Judgments; *Land* v. *Kiern*, 52 Miss. 341.

II. Conceding, but not admitting by any means, that the question of the correctness of the estimate could be gone into, then the defendants fail, by their evidence, to show that the contract was not complied with by Bassett in every particular.

III. Having accepted the estimate and accepted the benefits accruing thereunder the county is estopped to deny its liability under the contract with Bassett, and having held out to the world that said estimate was accepted and received by it the county cannot now, after the rights of innocent parties have intervened, repudiate that acceptance.

The court says that Bassett was paid all that was due him, yet it says in the same breath that this is not a *quantum meruit* proposition. In other words, it paid him on a *quantum meruit* basis, which was all right, but if he wants the balance on a *quantum meruit* that rule does not apply. That seems to us to be peculiar logic. Under this contract, if Bassett was entitled to receive the eighteen hundred and odd dollars which he was paid, then he was entitled to the balance shown by his estimate to be due. The acreage for which he was paid was shown by the estimate, as was the rest of the acreage, the amount of timber for which he was paid was shown by the estimate as was the total amount estimated, and in the order

approving the part for which he was paid there is no exception, qualification, or statement of any kind rejecting any of the estimate but accepting the whole. That being true, if it was accepted, and by paying him therefor the county said it was accepted, the county owed him for the whole thing under its contract and cannot, by paying for a part of the whole which it accepted, shuffle off its responsibility.

We respectfully submit that the chancellor erred in his decision in applying the law to the facts.

*C. C. Smith* and *N. C. Hill,* for appellees.

The facts and evidence, both oral and written, prove that the county, not only did not get a correct estimate of the number of feet of timber and the quality thereof on "each acre of land in said county," but it did not get a correct estimate of any of it.

Appellant claims that the order of the board made when said alleged estimate was filed, was an order and judgment in favor of Bassett and obligated it to pay him therefor, regardless of whether the estimate was true or untrue, correct or incorrect and claims that inasmuch as it was not appealed from that it is now *res adjudicata,* but we respectfully submit that in this they are mistaken.

The order recited the fact that it was received but there was no adjudication whether it was correct or incorrect, sufficient or insufficient and in fact, the board had no way to determine that at that time and the board having failed and refused to pay Mr. Bassett for his alleged estimate in the sum of six thousand two hundred forty-six dollars, he feeling aggrieved, appealed from the order of the board to the circuit court by then and there taking a bill of exceptions and after said appeal was taken, his counsel, Hon. T. J. Wills, dismissed said bill and later filed a suit in the circuit court for Mr. Bassett against the county, claiming that they were indebted to

him under the contract for the balance unpaid of four thousand six hundred forty-two dollars, which likewise was dismissed for the want of prosecution later, thus showing that neither did Mr. Bassett nor his distinguished counsel consider the order of said board receiving said estimate was a final judgment in his favor, but on the contrary, he appealed therefrom and later sued on the account. So we submit that the order made by supervisors upon which appellant relies was not a final judgment or an adjudication of the facts by the court, but was merely a ministerial act of the board as was so fully set forth and explained in the able opinion of Judge ANDERSON in the case of *Jackson County* v. *Neville.*

Argued orally by *J. R. Byrd,* for appellant.

HOLDEN, J., delivered the opinion of the court.

This suit was started in chancery by the appellant, Newton County Bank, to recover against Perry county for a balance due A. G. Bassett, who was employed by the board of supervisors to estimate the timber subject to assessment for taxes in Perry county. The amount claimed was about six thousand dollars, one thousand eight hundred of which was paid to Bassett, who afterwards assigned his claim for the balance to the appellant Newton County Bank.

Upon the hearing of the cause, the chancellor denied recovery against the county, on the ground that the amount already paid by the county to Bassett was sufficient to cover the services rendered, and that no recovery could be had for the balance claimed because the estimate made was inaccurate and unreliable, and that Bassett personally performed only a part of the work; whereas, the statute authorizing the employment of estimators requires the work be done wholly and personally by the estimator employed, that is, that the contract is one in-

volving personal skill and experience and must be personally performed by the person employed to make the estimate. From the decree dismissing the bill, the bank appeals.

The facts and circumstances giving rise to the suit may be briefly stated as follows: In the year 1920 the board of supervisors of Perry county, acting under chapter 185, Laws of 1918, employed A. G. Bassett to estimate the timber subject to assessment for taxes in the county, for which services he was to receive five cents per acre for each acre of land upon which the timber was estimated. Bassett completed his work, with the assistance of several other estimators, and in October of that year filed his estimate, with the proper affidavit thereto, which was received by the board of supervisors, and the following order was entered by the board, to-wit:

"Ordered that the estimate of timber made by A. G. Bassett showing two hundred million feet feet of additional timber to what was shown by assessment rolls of 1919 and 1920, be received and that the said A. G. Bassett be paid for said estimate when enough taxes on the additional timber has been paid into the treasury of Perry county to pay his bill for said estimate. Ordered that the sheriff be authorized and directed to assess additional timber found by estimator Bassett that has escaped taxation in 1919 and 1920 land rolls."

At the time Bassett filed his estimate, he filed his bill for the services, which showed he had estimated one hundred twenty-four thousand eight hundred forty acres of land, for which he claimed six thousand two hundred forty-two dollars. At a subsequent meeting of the board, one thousand eight hundred dollars was allowed and paid Bassett on his claim, and the balance due was assigned by Bassett to the Newton County Bank, appellant, which in 1922 filed this suit for the balance due, after first presenting its claim to the board and demanding payment, which was refused. The county answered the bill and claimed that it was not due any further amount to Bas-

sett because the contract was illegal, and that Bassett did not wholly perform the work himself, and that the estimate was inaccurate and of no benefit to the county; and upon these issues the chancellor reopened the whole matter upon the merits of the claim and heard all the evidence introduced by both sides.

The main contention of the appellant, Newton County Bank, the only one meriting discussion, is that the order of the board of supervisors quoted above was a judgment accepting the estimate presented by Bassett, ordering it paid, and was therefore *res adjudicata* of all questions as to the correctness or value of the estimate made by Bassett, or as to who personally did the actual estimating, or what lands were estimated, and was in fact and law a final adjudication of all questions with reference to the performance of the service contracted for by Bassett; and that no attack on the judgment could be made because the board had jurisdiction to render the judgment, which was not appealed from, and that the court could not allow a collateral attack of it for irregularity or other cause.

So it will be observed that a determination by us as to whether or not the judgment was valid and finally adjudicated all of the questions now presented, will be decisive of the case.

We do not think the order was a valid and final judgment. And while it is indefinite as to the amount, we find the more serious defect in it of failing to follow the requirements of section 3714, Hemingway's Code (section 341, Code of 1906), which provides that—''The order allowing such claim shall be entered on the minutes, specifying the name of the claimant, the amount allowed, the page and particular section of the law under which such allowance is made, and on what account.''

The order here involved does not follow the statute; it fails to name the section of the law under which the allowance is made, or on what account. We think the order should also have specifically named the amount al-

lowed. It is true the amount could probably have been ascertained by referring to other papers or records on file, but certainly the clerk could not have issued a warrant upon this order unless he himself had made certain calculations, which he had no authority to do.

The order not being a complete and valid adjudication of the claim presented, then it was proper for the chancellor to reopen the whole matter and ascertain and determine, from the evidence, the merits of the controversy between the parties and adjudicate the question of whether or not there was any balance due on the contract for estimating the timber of the county. The chancellor went into the merits of the cause and found upon the testimony that the one thousand eight hundred dollars paid Bassett was all that he was entitled to under the contract because of the inaccuracy and incompetency of the service rendered in making the estimate.

After due consideration of the evidence disclosed by this record, we think the decree of the chancellor is well supported by the testimony, and we see no reason for reversal. We omit passing upon the question of whether the contract to estimate the timber is a personal contract which must be performed solely by the party selected and contracted with by the board of supervisors, because it is unnecessary to do so.

The judgment of the lower court is affirmed.

*Affirmed.*