SIMPSON COUNTY *v.* KELLY.

(Division A.   March 16, 1936.)

[166 So. 532.   No. 32142.]

A. M. Edwards, of Mendenhall, for appellant.

**R. T. Hilton,** of Jackson, and **J. B. Sykes,** of Mendenhall, for appellee.

Argued orally by **A. M. Edwards**, for appellant, and by **R. T. Hilton**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Lem Kelly, appellee, filed a declaration against Simpson county, "through its Board of Supervisors," for one

thousand six hundred sixty dollars as damages for personal injuries received by him, which were occasioned by the negligence of its officers and agents in repairing a bridge.

Simpson county, appellant, filed a demurrer to this declaration, which was overruled, and the court granted the county time in which to plead. Instead of pleading, the county appealed from the order overruling the demurrer to this court, where the appeal was dismissed. Thereupon the county sought to file further pleas, and its motion so to do was overruled. A writ of inquiry was issued, and there was a judgment assessing Kelly's damages at one thousand six hundred sixty dollars, from which the county has prosecuted an appeal here.

We are of the opinion that the demurrer to Kelly's declaration should have been sustained. This declaration, in substance, alleged that the board of supervisors was engaged in repairing a bridge across Strong river, on which the appellee was working, and that these repairs were being done in such a careless and negligent manner as to impair the safety of the employees. According to Kelly, a span of the bridge was overloaded with lumber, and, due to the negligence of the officers and agents of the county in not exercising proper precaution for the safety of its employees, this span fell and Kelly was greatly injured. The declaration set out in full, House Bill No. 45, chapter 513, Loc. & Priv. Laws 1930, as follows: "Section 1. Be it enacted by the Legislature of the State of Mississippi, That the Board of Supervisors of Simpson County be, and it is hereby authorized and empowered *in its discretion* to pay Lem Kelly any sum not exceeding Two Thousand ($2,000.00) Dollars for damages for injuries sustained in the collapse of a span of bridge across Strong River on a public road of said County on which he was an employee of said County in making repairs to said bridge." This act went into effect January 29, 1930.

Thereafter Kelly filed an account for two thousand dollars against the county at its April, 1930, meeting, which account was contended, and at the June, 1930, meeting, the following order was entered: "June 2, 1930—Ordered that Lem Kelly be and he is hereby allowed the sum of $200.00 for part payment of damages caused by falling bridge across Strong River, payable out of the Road and Bridge Privilege Funds." At its July, 1931, meeting, it entered an order allowing Kelly fifteen dollars; at its May, 1931, meeting, it entered an order allowing Kelly ten dollars, and at its August, 1931, meeting, it entered an order allowing Kelly fifteen dollars.

The declaration alleges that, since the August, 1931, meeting, the board of supervisors has refused to make any further allowances for the purpose of completely and fully paying Kelly what is due him for his injury, and of carrying out its agreement to pay him two thousand dollars, and that it now justly owes him the sum of one thousand six hundred sixty dollars under said agreement and under the special act hereinabove set out. The plaintiff shows that he "has requested the said Board of Supervisors frequently to make him the further allowance and he has been advised that it would not do so." The declaration further contains this charge: "This plaintiff shows that by reason of the contract and agreement entered into by and between the defendant and plaintiff that the defendant would pay the plaintiff the said sum of $2,000.00, and by the defendant undertaking to discharge said agreement in the partial payments, that it is bound, as a matter of law, to fully acquit and discharge the obligation resting upon it to compensate this plaintiff. And the plaintiff further shows that the said defendant, Simpson County, having admitted that it entered into the partial performance conferred upon it by the said special act is bound, as a matter of law, to completely perform the said act, and its

partial payments has bound defendant to the full performance of its undertaking of the authority conferred upon it by the special act, and it therefore owes the said plaintiff the sum of $1,660.00, all of the said payments showing by its orders of payment to be only partial payments." It further charged that the three hundred forty dollars paid constituted the total of partial payments, and that the county now owed him a balance of one thousand six hundred sixty dollars. It further charged also that, by reason of the partial payments, the county had bound itself to make, at least, a reasonable settlement with this plaintiff as compensation for injuries he had received, and that the balance due thereunder is one thousand six hundred sixty dollars.

It will be observed that the appellee, Kelly, while charging negligence on the part of the officers and employees of the county, appellant, bottoms his claim against the county on the special act. It will also be observed that the legislature, by this act, did not undertake to bind or compel the county to pay any specific sum. It simply invested the county with the discretion to donate a sum which the legislature limited not to exceed two thousand dollars.

The alleging that these orders for partial payments constituted a contract is a mere conclusion of the pleader, and such allegations could not, by virtue of this statute, create a binding obligation to pay any sum other than that fixed by the board of supervisors in its discretion. The declaration distinctly charges that the board of supervisors had refused to pay any further sum.

It is true that the minutes of the board of supervisors must show the allowance of any sum to be paid out of the county treasury under section 253, Code of 1930, but it is not true that the rejection of a claim must appear on the minutes of the board of supervisors. Brookhaven v. Lawrence County, 55 Miss. 187. The discretion of the board of supervisors is vested by this state

in such board to refuse to allow claims and to prove such refusal by parol.

There was no contract entered into by virtue of the orders mentioned in the declaration. No contract could be presumed or implied therefrom, and we are unable to understand how liability could be incurred by this county because it continued, for a season, to make partial donations. The act of the board of supervisors in passing upon the claim of Kelly was, in a sense, legislative. The act of the legislature in question did not require the board to act upon the claim at all. It simply invested the board with the power so to do at its discretion. When it refused to pay any further sum, that rejection did not create a legal claim or cause of action against the county within the purview of section 253, which authorized a suit to be brought thereon.

Counties are not liable for the negligence or tortious acts of their officers and agents except as authorized expressly or by necessary implication by some statute. Brabham v. Board of Supervisors of Hinds County, 54 Miss. 363, 28 Am. Rep. 352, and Board of Supervisors of Lee County v. Payne (Miss.), 166 So. 332, decided February 17, 1936.

The appellee relies upon the case of Newton County Bank v. Perry County et al., 135 Miss. 129, 99 So. 513, 514, in which there was an invalid order adjudicating the amount due one Bassett for an estimate of timber for the county. There was a controversy as to the amount due, and Bassett resorted to the chancery court for relief. The court there said: "The order not being a complete and valid adjudication of the claim presented, then it was proper for the chancellor to reopen the whole matter and ascertain and determine, from the evidence, the merits of the controversy between the parties and adjudicate the question of whether or not *there was any balance due on the contract* for estimating the timber of the county." (Italics ours.)

It will be noted that the case of Newton County Bank v. Perry County, supra, involved a settlement on a contract which the board of supervisors had a right to make, and which it had not finally adjudicated. The obvious distinction between it and the case at bar is that in the former case the board of supervisors was vested with the discretion of performing a judicial duty, and in the case at bar the county was invested with the discretion to determine how much money it would allow to Kelly as a gift from the funds in the county treasury, and the legislature did not seek to impose its will upon the board of supervisors, and neither can the courts do so.

The demurrer challenged that the declaration did not state a cause of action, and it should have been sustained by the lower court. We find nothing in the evidence on the issue of the quantum of damages that will add to what is charged in the declaration.

Reversed, and cause dismissed.