IN THE SUPREME COURT OF MISSISSIPPI
NO. 94-CA-00949-SCT

*JAMES C. STOKES*

*v.*

*KEMPER COUNTY BOARD OF SUPERVISORS AND*
*JAMES WILSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/24/94 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | KEMPER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHRISTOPHER D. HEMPHILL |
| ATTORNEY FOR APPELLEES: | HENRY PALMER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | JUDGMENT AS TO KEMPER COUNTY BOARD OF SUPERVISORS AFFIRMED; JUDGMENT AS TO JAMES WILSON REVERSED AND REMANDED FOR TRIAL - 3/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 3/27/97 |

**EN BANC.**

**PRATHER, PRESIDING JUSTICE, FOR THE COURT**

## INTRODUCTION

¶1. The present case calls upon this Court to apply the law relating to sovereign immunity and to the immunity of public employees acting within the course and scope of their duties as said law existed on December 10, 1991. The present case involves a suit against James Wilson, an employee of Kemper County, and the Kemper County Board of Supervisors for an auto accident which, the plaintiff contends, was caused by Wilson's negligent driving.

¶2. Although these issues have been of some controversy in this Court and the state Legislature, it is

clear that, in 1991, legislative sovereign immunity served to bar the plaintiff's action against the Kemper County Board of Supervisors in the present case. However, it is equally clear that the Wilson is not personally immune from liability in the present case based on either the doctrines of sovereign immunity or public official immunity. Accordingly, this Court affirms the ruling of the trial court in dismissing the suit against the Kemper County Board of Supervisors, but reverses the ruling dismissing the action against James Wilson in his individual capacity and remands for trial solely with regard to the cause of action against Wilson.

## STATEMENT OF THE FACTS AND CASE

**¶3.** On December 10, 1991, James C. Stokes ("Stokes") was injured in a collision between his vehicle and a truck owned by Kemper County which was driven by James G. Wilson ("Wilson"). Stokes contends that the collision occurred when Wilson negligently drove his truck into the path of Stokes' vehicle. The parties agree that Wilson was an employee of Kemper County acting within the course and scope of his duties at the time of the accident. Stokes filed suit against Wilson personally and against the Kemper County Board of Supervisors, but his case was dismissed by a summary judgment in favor of the defendants on August 24, 1994, based on a ruling that the case was barred by sovereign immunity. Stokes timely appealed from said ruling.

### I. Is the Kemper County Board of Supervisors protected by the doctrine of sovereign immunity from a negligence action that arose on December 10, 1991?

**¶4.** The Kemper County Board of Supervisors is clearly protected by the doctrine of sovereign immunity from a negligence action arising on December 10, 1991. This Court abolished judicial sovereign immunity in *Pruett v. City of Rosedale*, 421 So.2d 1046 (Miss. 1982), but sovereign immunity was replaced by a legislative immunity set forth in Miss. Code Ann. §11-46-6, which statute purported to continue sovereign immunity as it existed prior to *Pruett*. In Part I of *Presley v. Miss. State Highway Comm.*, 608 So.2d 1288 (Miss. 1992), this Court held §11-46-6 to be unconstitutional in light of the fact that it purported to revive law by reference, but a plurality of four justices held in Part II that the holding applied only prospectively. On September 16, 1992, the state Legislature convened a special session and enacted a statute which had the same effect as §11-46-6, but without the constitutionally offensive provisions regarding the incorporation of law by reference.

¶5. In *Churchill v. Pearl River Basin Development District*, 619 So.2d 900 (Miss. 1993), this Court held that, in light of the fact that a mere plurality of this Court in *Presley* had held that the statute applied only prospectively, the holding in Part II therefore had no precedential value. In *Morgan v. City of Ruleville*, 627 So.2d 275 (Miss. 1993), this Court reaffirmed that Part I of *Presley* was the only part of said opinion with precedential value, but emphasized that said fact served as no basis for applying Part I of *Presley* retroactively. Thus, the end result in *Morgan* was that this Court noted that nothing in *Presley* served to hold legislative sovereign immunity unconstitutional prior to the *Presley* holding. In *Robinson v. Stewart*, 655 So.2d 866 (Miss. 1995), this Court removed any doubt regarding the retroactive application of *Presley*, holding that:

> What observers should note is our consistency in refusing to apply *Presley* retroactively, as opposed to the means in which we achieved our end. What we have stated indirectly we now state directly. *Presley* has no retroactive application.

In light of this unambiguous holding by a majority of this Court, Stokes' argument that this Court should decide on a case-by-case basis whether the *Presley* holding should apply retroactively is clearly without merit.

¶6. It is somewhat curious that Stokes elected to sue the Board of Supervisors in the present case. A member of the Board of Supervisors was not driving the truck in question at the time of the accident, and it is clear that Stokes is seeking to sue the county under general *respondent superior* law based on the fact that the driver of the truck in question was a county employee driving a county vehicle. Indeed, Stokes' petition contains no allegations of negligence on the part of the Board of Supervisors, but merely states that Wilson negligently failed to yield the right of way and that Wilson's negligence "is imputed to his employer, Kemper County, Mississippi."

¶7. It seems likely that Stokes sued the Board of Supervisors rather than the county itself in order to have this case decided under the case law applicable to public official immunity rather than the harsher sovereign immunity case law. It is clear, however, that the present case does not involve any actions by the Board of Supervisors, and this case is properly considered to be an attempt to sue the county itself.

¶8. Kemper correctly states that this Court should not apply the distinction between governmental and proprietary functions applicable to municipalities in the present case, noting that:

> the Kemper County Board of Supervisors qualifies as a state subdivision, which permits it to escape from the governmental-proprietary distinction applied to municipalities.

This issue is complicated by this Court's misstatement in dicta in *Winters v. Lumley*, 557 So.2d 1175, 1177 (Miss. 1989), wherein this Court stated that:

> As stated, the Board of Supervisors was sued in its official capacity, which also was tantamount to a suit against Washington County. The immunity of Washington County rests upon whether the function of cleaning the highway was a governmental or proprietary function.

Contrary to this statement in *Winters,* Kemper County is correct in stating that the proprietary/governmental distinction does not apply to counties, but only to municipalities. This Court corrects this misstatement in *Winters* herewith. This Court recently noted in *Mississippi Transportation Commission v. Rector*, 663 So.2d 601 (Miss. 1995) that:

> Rector tries to argue that if *Presley* is prospective then MTC is still not immune from suit because it does not have immunity for proprietary acts. This argument fails since the distinction between governmental and proprietary functions are applied only to municipalities and not to the state itself. *See* **Strait v. Pat Harrison Waterway Dist.**, 523 So.2d 36, 40 (Miss. 1988).

*Id.* at 602.

¶9. The fact that Kemper County enjoyed the protection of sovereign immunity in 1991 or the alleged tort in question is illustrated by the case of *McGoldrick Oil Company v. Greene County*, 446 So.2d 594 (Miss. 1984), which contained a fact pattern similar to that in the present case. In *McGoldrick*, the plaintiff's mobile oil rig collided with a dump truck owned and operated by Greene County and was totally destroyed in the collision. The plaintiff alleged that the collision was caused by the

negligent operation of Greene County's dump truck, and the circuit court in *McGoldrick* granted summary judgment to Greene County on the basis of sovereign immunity. McGoldrick appealed to this Court, but his sole assertion on appeal was that the doctrine of sovereign immunity was unconstitutional. *McGoldrick*, 446 So.2d at 595. Thus, the appellant in that case did not contest that sovereign immunity protected Greene County for an alleged tort identical to the one in the present case, but merely argued that the doctrine itself was unconstitutional.

¶**10.** In summary, it is clear that, in 1991, sovereign immunity protected Kemper County against the present lawsuit and that the circuit judge was correct in granting summary judgment in favor of the Board of Supervisors. The summary judgment ruling in favor of Kemper County is therefore affirmed.

### II. Is James G. (Greg) Wilson, an employee of Kemper County, protected by the doctrine of sovereign immunity from a negligence action that arose on December 10, 1991 ?

¶11. Although the trial judge correctly ruled that the doctrine of sovereign immunity served to protect Kemper Count in the present case, it is clear that the trial judge was in error in ruling that sovereign immunity served to provide Wilson with personal immunity from the suit in question. Sovereign immunity as it existed in 1991 protected the State and municipalities, but not individuals, against liability. In response to this proposition, Kemper cites Miss. Code Ann. §11-46-7(2), which provides that:

> An employee may be joined in an action against a governmental entity in a representative capacity if the act or omission complained of is one for which the governmental entity may be liable, but no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties.

This is indeed the correct state of the law today, but the aforementioned statutory provision was passed as part of the Legislature's 1993 sovereign immunity legislation and represents a departure from the law as it existed in 1991.

¶12. The only immunity offered to individual governmental employees prior to the passage of §11-46-7(2) was the more limited doctrine of public official immunity. Public official immunity does not apply to ministerial acts, and this Court held the act of driving a vehicle to be a ministerial act in *Davis v. Little*, 362 So.2d 642 (Miss. 1978). Stokes is incorrect in attempting to apply *Davis* to the Kemper County Board of Supervisors, given that the board had nothing to do with the car crash in question and the issue of public official immunity is inapplicable to the Board of Supervisors in the present case. Nevertheless, Stokes is correct in asserting that the law of sovereign immunity and public official immunity as it existed in 1991 provided no protection to individuals performing ministerial acts such as driving a car, and the summary judgment in favor of Wilson is therefore reversed and remanded for trial.

¶13. **JUDGMENT TO AS KEMPER COUNTY BOARD OF SUPERVISORS IS AFFIRMED. JUDGMENT AS TO JAMES WILSON IS REVERSED AND REMANDED FOR TRIAL.**

**LEE, C.J., PITTMAN, BANKS, ROBERTS, SMITH AND MILLS, JJ., CONCUR. McRAE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION**

**JOINED BY SULLIVAN, P.J.**

**McRAE, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶**14.** I agree with the majority's finding that the circuit court erroneously ruled that Greg Wilson was protected by sovereign immunity. However, the Kemper County Board of Supervisors cannot claim immunity from liability for an accident caused by its employee on December 10, 1991.

¶15. In *Presley v. Mississippi State Highway Comm'n*, 608 So. 2d 1288 (Miss. 1992), a plurality of this Court found that the sovereign immunity statute, as amended by the Legislature in 1987, was unconstitutional. The Court expressly held that language in Miss. Code §11-46-4 reviving the case law overruled by *Pruett v. City of Rosedale,* 421 So.2d 1046 (Miss. 1982) to be unconstitutional, finding that the Legislature had overstepped its boundaries by telling courts to apply only that case law that existed on November 10, 1982, thus "freez[ing] in time and plac[ing] the common law as it existed at that particular moment, and tell[ing] the court this is the only substantive law it is to apply." *Id.* Despite the opinion's broad reference to the unconstitutionality of §11-46-4, it appears that our opinion was limited to the language reviving pre-*Pruett* law. "We are only concerned here with the mandate of the statute requiring courts, in deciding sovereign immunity questions, to be governed by case law in effect as it existed immediately prior to our decision in *Pruett*." *Presley*, 608 So.2d at 1294. As to the language in §11-46-4 freezing in place "the statutory law governing sovereign immunity in effect from and after the passage of Chapter 474, Laws of 1985," *Presley* is silent.

¶16. In *Pruett*, this Court joined the majority of other jurisdictions by totally abolishing the judicially-created sovereign immunity instituted in *County of Yalabusha v. Carbry*, 6 Miss. (3 Sm. & M) 529 (1844). Nothing in the Mississippi Constitution of 1890 provided authority for protection of the State and its subdivisions from liability. Moreover, the remedy clause of the Constitution of 1890, art.3, sec. 24, makes no distinction between seeking redress for wrongs committed by public versus public entities. Despite the remedies clause and any express prohibition against bringing suit against the sovereign by the eleventh amendment to the Untied States Constitution, the United States Supreme Court provided support for our Court's adherence to judicially-created sovereign immunity by finding that "the States, in the absence of consent, are immune from suits brought against them by their own citizens or by federal corporations . . ." *Monaco v. State of Mississippi*, 292 U.S. 313, 329-30, 54 S. Ct. 745, 751, 78 L. Ed. 1282, 1289 (1933).

¶17. In response to *Pruett's* rejection of common law sovereign immunity, the Legislature passed the 1984 Tort Claims Act, which granted immunity to the State and its political subdivisions for suits "at law or in equity on account of any wrongful or tortious act or omission. . . ." 1984 Laws, Ch. 495, §2. Section 3 of the 1984 Act also waived such immunity after July 1, 1985 for the State and October 1, 1985 for political subdivisions. The new law further provided that any causes of action which accrued prior to July 1, 1985, or October 1, 1985 for political subdivisions, would be governed by sovereign immunity case law as it existed immediately before our decision in *Pruett*, and by statutory law as it existed prior to 1985, which explicitly granted sovereign immunity except where waived by statute.[1]

¶18. Each year after the 1984 Tort Claims Act was passed, as the chart below indicates, the Legislature reenacted the law postponing the effective date of the act and the waiver of sovereign immunity.

LEGISLATIVE SOVEREIGN IMMUNITY IN MISSISSIPPI

| YEAR | STATUTE | DESCRIPTION | EXPOSURE LIMITATIONS |
|---|---|---|---|
| 1984 | Ch. 495, Laws 1984 (S.B. 2441) | Original law, providing sovereign immunity to State and political subdivisions, with waiver under certain circumstances; new law applicable only to claims against the State accruing after 7/1/85 and against political subdivisions accruing after 10/1/85 | No exposure beyond $500,000 |
| 1985 | Ch. 474, Laws 1985 (H.B. 983) | Reenacted 1984 Act and postponed effective date of law to 7/1/86 and 10/1/86, respectively | No exposure beyond $500,000 |
| 1986 | Ch. 438, Laws 1986 (S.B. 2166) | Reenacted 1985 Act and postponed effective date of law to 7/1/87 and 10/1/87, respectively | No exposure beyond $500,000 |
| 1987 | Ch. 483, Laws 1987 (S.B. 2454) | Reenacted 1986 Act and postponed effective date of law to 7/1/88 and 10/1/88, respectively; repealed § 4 of 1984 Act, as reenacted and amended in 1985 and as amended in 1986 (removing language later found to be unconstitutional); added § 6, which brought language back | For cause of action accruing between 7/1/88 and 7/1/89, not beyond $25,000; 7/1/89 and 7/1/90, not beyond $200,000; after 7/1/90, not beyond $500,000 |
| 1988 | Ch. 442, Laws 1988 (H.B. 937) | Reenacted 1987 Act and postponed effective date of law to 7/1/89 and 10/1/89, respectively | 7/1/89-7/1/90 $25,000

7/1/90-7/1/91 $200,000

after 7/1/91 $500,000 |
| 1989 | Ch. 537, Laws 1989 (H.B. 339) | Reenacted 1988 Act and postponed effective date of law to 7/1/90 and 10/1/90, respectively | 7/1/90-7/1/91 $25,000

7/1/91-7/1/92 $200,000

after 7/1/92 $500,000 |

| 1990 | Ch. 518, Laws 1990 (H.B. 945) | Reenacted 1989 Act and postponed effective date of law to 7/1/91 and 10/1/91, respectively | 7/1/91-7/1/92 $25,000<br><br>7/1/92-7/1/93 $200,000<br><br>after 7/1/93 $500,000 |
|------|-------------------------------|---------------------------------------------------------------------------------------------|-----------------------------------------------------------------------------------------------|
| 1991 | Ch. 618, Laws 1991 (S.B. 3242) | Reenacted 1990 Act and postponed effective date of law to 7/1/92 and 10/1/92, respectively | 7/1/92-7/1/93 $25,000<br><br>7/1/93-7/1/94 $200,000<br><br>after 7/1/94 $500,000 |

¶19. We have construed the Legislature's actions as keeping the Act from ever taking effect. "What is important is that the Legislature has repeatedly postponed the effective date, so that the [Tort Claims] act--save only its reenactment of pre-Pruett immunity law--has been and remains law *in futuro*, law that has never acquired a present force." ***Starnes v. City of Vardaman***, 580 So. 2d 733, 736 (Miss. 1991). *See also* ***Richardson v. Rankin County School District***, 540 So.2d 5, 8 (Miss. 1989) (noting that the effect of the Immunity Act is that the State and its political subdivisions have continuously remained protected from suit under the doctrine of sovereign immunity). Moreover, the statutory waivers of liability are only hollow remedies. If, as ***Vardaman*** indicates, the Tort Claims Act has never taken effect except for its unconstitutional revival of pre-***Pruett*** law, on what basis have we continued to find causes of action against the State and its political subdivisions to be barred by sovereign immunity?

¶20. Because of our still-divided views on the prospective application of ***Presley,*** we have continued to consider, on a case-by-case basis, those cases where the cause of action accrued prior to ***Presley.*** *See e.g.* ***Mohundro v. Alcorn County,*** 675 So. 2d 848, 855 (Miss. 1996) (McRae, J., dissenting); ***Mississippi Highway Commission v. Rector,*** 663 So. 2d 601, 602 (Miss. 1995); ***Robinson***, 655 So. 2d at 870-873 (Sullivan, J., dissenting); ***Coplin,*** 631 So. 2d 752, 756-758 (McRae, J., concurring in part, dissenting in part). However, while this Court found that the 1987 statute was unconstitutional and therefore void, we have yet to determine whether the statute in effect at the time of Stokes' injury in 1991, Ch. 619 (Senate Bill No. 3242) Laws 1991, is unconstitutional.

¶21. Miss Code Ann. § 11-46-4 (1987), which we found unconstitutional in ***Presley,*** became no more constitutional as it was reenacted each year by the Legislature. By allowing the Board of Supervisors to claim immunity under the 1991 version of a statute, which this Court already has found unconstitutional and void, the majority is simply indulging in the same games played by the Legislature. The tragedy is that countless claims against the State and its political subdivisions have been denied on the basis of an immunity that has never gone into effect. Accordingly, I disagree with that part of the majority opinion declaring that the Board of Supervisors is immune from liability.

**SULLIVAN, P.J., JOINS THIS OPINION.**

1. *See* ***McKlemurry v. University Medical Center***, 380 So. 2d 251 (Miss. 1980)(declined to abolish sovereign immunity in medical malpractice case against University hospital and two physicians); ***Jones v. Knight***, 373 So. 2d 254 (Miss. 1979)(upheld sovereign immunity of park commission and officials where park ranger assaulted picnicker); ***Jagnandan v. Mississippi State University***, 373 So. 2d 252 (Miss. 1979), *cert. denied,* 444 U.S. 1026, 100 S. Ct. 690, 62 L. Ed. 2d 660 *reh'g denied*, 448 U.S. 914, 101 S. Ct. 34, 65 L. Ed. 2d 1177 (1980)(sovereign immunity protected University from suit by resident aliens to recover tuition charged them at allegedly unconstitutional rate); ***Rolph v. Board of Trustees of Forrest County General Hospital***, 346 So. 2d 377 (Miss. 1977)(county hospitals, by statute, waived immunity to the extent of liability insurance procured; statute giving special consideration to Forrest County hospital rejected);. ***Berry v. Hinds County***, 344 So. 2d 146 (Miss. 1977), *cert. denied*, 434 U.S. 831, 98 S. Ct. 114, 54 L. Ed. 2d 91 (1977)(refused to abolish sovereign immunity in personal injury case against county for negligent bridge maintenance); ***Owens v. Jackson Municipal Separate School District***, 264 So.2d 892 (Miss. 1972)(reaffirming governmental immunity from tort suit except in proprietary actions or where authorized by statute); ***Lowndes County, District 5 v. Mississippi State Highway Commission***, 220 So.2d 349 (Miss. 1969)(where money judgment sought, state and its agencies cannot be sued absent express, or clearly and unambiguously implied, statutory directive); ***Horne v. State Building Commission***, 233 Miss. 810, 103 So. 2d 373 (1958)(absent express statutory authority, Building Commission immune from suit in building contract dispute); ***State v. Sanders***, 203 Miss. 475, 35 So. 2d 529 (1948)(State cannot be sued in its sovereign capacity by person claiming title through a Swamp Land patent and who seeks to have title quieted and confirmed, unless right to do so can be asserted either under statute authorizing suits to cancel tax titles or under statute relating to confirmation of title based on tax forfeited land patent ); ***Smith v. Doehler Metal Furniture***, 195 Miss. 538, 15 So. 2d 421 (1943)(because no statute allowed Mississippi Southern College to be sued, no attachment suit could be brought against the school or its officers); ***Board of Supervisors of Lee County v. Payne***, 175 Miss. 12, 166 So. 332 (1936)(county immune from suit for breach of contract where not provided for expressly, or by necessary implication, by statute); ***Simpson County v. Kelly***, 175 Miss. 596, 166 So. 532 (1936)(with regard to county's discretionary payment of damages to county employee injured in bridge collapse, county not liable for negligent or tortious acts of officers or agents unless authorized by statute); ***Federal Land Bank v. Leflore County, Mississippi***, 170 Miss. 1, 153 So. 882 (1934)(county had no liability for "unlawful, unauthorized and fraudulent acts" of the president of the Board of Supervisors or for the negligence of the other board members in not discovering president's acts); ***Monaco v. State of Mississippi***, 292 U.S. 313, 329-30, 54 S. Ct. 745, 751, 78 L. Ed. 1282, 1289 (1933)("The 'entire judicial power granted by the Constitution' does not embrace authority to entertain such suits in the absence of the State's consent . . . . Protected by the same fundamental principle, the States, in the absence of consent, are immune from suits brought against them by their own citizens or by federal corporations, although such suits are not within the explicit prohibitions of the Eleventh Amendment."); ***Ayres v. Bd. of Trustees of Leake County Agricultural High School,*** 134 Miss. 363, 98 So. 847 (1924)(court refused to extend county's authority to sue and be sued to agricultural high school . . ."[o]nly the legislature can surrender this privilege of the sovereign state and its governmental subdivisions or agencies); ***Mississippi Livestock Sanitary Bd. v. Williams***, 133 Miss. 98, 97 So. 523 (1923)(Board could only seek mandatory injunction by officers as specified by statute, not in its own name, since power of state and its subdivisions *to sue* and be sued is statutory); ***Mississippi Centennial Exposition Co. v. Luderbach***, 123 Miss. 828, 86 So. 517 (1920)(by statute,

suit in contract against state or state agency could only be brought for material contracted for or furnished to agency, not for breach of contract; chap. 264, Laws of 1922, then conferred full authority on Centennial Commission to sue and be sued); *City of Grenada v. Grenada County*, 115 Miss. 831, 76 So. 682 (1917)("A general statutory grant of authority to sue a governmental subdivision or agency does not create any liability, and suit may be maintained thereunder only for such liability as is authorized by statute, expressly or by necessary implication."); *J.A.E. Brabham v. Board of Supervisors of Hinds County,* 54 Miss. 363 (1877)(county can have no liability except as authorized by some statute).