SMITH *v.* DOEHLER METAL FURNITURE Co. *et al.*

(In Banc. Nov. 8, 1943.)

[15 So. (2d) 421. No. 35414.]

Heidelberg & Roberts, of Hattiesburg, for appellant.

Greek L. Rice, Attorney-General, by Jefferson Davis and Geo. H. Etheridge, Assistant Attorneys-General, for appellees.

Green & Green and E. R. Holmes, Jr., all of Jackson, for appellees.

544

**Griffith, J.**, delivered the opinion of the court.

Appellee filed his bill in the chancery court of Forrest County, alleging that the appellees, Doehler Metal Furniture Company and Famous-Barr Company, nonresident corporations, were indebted to him in the sum of $1,500, and that the Mississippi Southern College, domiciled in said county, was indebted to the said nonresident corporations in a greater sum; and he made the college a party defendant to his bill, seeking to avail of Sections 173 et seq., Code 1930, which are the sections which provide a remedy by attachment in chancery.

The college, through the Attorney General, filed in limine a plea to the jurisdiction of the court, pointing out that the institution is an agency or arm of the state, and is not subject to suit except by express statutory allowance and that there is no statute allowing the Mississippi Southern College to be sued, and in support of this plea such cases as Ayres v. Board of Trustees, etc., 134 Miss. 363, 98 So. 847; Mississippi Centennial Exposition Co. v. Luderbach, 123 Miss. 828, 86 So. 517; State v. Woodruff, 170 Miss. 744, 150 So. 760, and many others, have been cited.

That an arm or agency of the state cannot be sued except by express statutory or constitutional authority has been too long and too well settled to be further debatable now, and this includes, of course, suits under the attachment in chancery statutes. An institution such as this college is entrusted only to men of high character, and they, in turn, are under the supervision of a state-wide board of trustees, selected from among the most reputable citizens of the state. The legislature has evidently considered that such men would be as sensitive to every financial obligation of the institution and as alert

to preserve its financial integrity as would any court or jury, and that since the principal field of effort of such an agency is other than business, it should not have its energies diverted by standing attendance upon litigation.

If, therefore, as appellant asserts, the officers of the college recognize the justness of appellant's claim and would pay it in whole or in part, except for the interference of the Attorney General and the doubt as to their authority in the premises, let the doubt be dismissed in that if, with the approval of the board of trustees, the officers of the college make payment to the appellant in whole or in part and deduct the payment from the balance due appellee corporations, there will be no authority in the courts to review their action, and the corporations would be remitted to their recourse against appellant and without prejudice.

Appellant made the president of the college and its financial secretary parties defendant, and proved that the fund out of which appellant has sought to enforce payment is known as "Mississippi Southern College Student Fund," so shown on the books of the college and as deposited in bank. This money had been paid to the college as fees by students for the two or three preceding years; and it is urged by appellant that this fund so obtained is a private and not a public fund,—that the president and secretary hold the same as personal trustees, and not as public officers or employes.

The proof is further, to summarize it, that at stated periods during each college session the total expenses for the operation of the college for the session would be carefully estimated and against this there would be credited the appropriations made by the legislature, and by statutory authority the difference would be made up by proportionate assessments against each student which the student would pay as an incidental fee, and for the information of the trustees, the state auditor, and the legislature, this was carried on the books as stated. Looking through the form to the substance, these fees were paid

by the students in return for services to be rendered, and for facilities to be furnished, to them by the college, and, when paid, the fees became the property of the college, public funds, as to which the officers were responsible solely to the college and to the trustees, and to no private person whomsoever. It is not suggested that the students who paid these fees had any sort of draw-back or contingent interest in any unexpended balance. This fund was not subject to an attachment, and the bill was properly dismissed both as to the college and its officers.

The nonresident corporations appeared specially and filed a plea to the jurisdiction on the ground that they were not, and had not been, doing business in this state, and that since no attachment suit could be brought against the college or its officers, no such suit in the absence of the college could be maintained against the nonresident corporations. This is a subject which has been so recently and so frequently examined and discussed that we say no further here than that in our opinion the bill was properly dismissed as to all the parties to it.

Affirmed.