**Dixie Myra CLAY, Plaintiff-Appellant,**

v.

**TEXAS WOMEN'S UNIVERSITY, Defendant-Appellee.**

No. 83–1649
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 30, 1984.

Larry S. Parnass, Irving, Tex., for plaintiff-appellant.

Fred Weldon, Asst. Atty. Gen., Austin, Tex., for defendant-appellee.

Before TATE, GARWOOD and HIGGINBOTHAM, Circuit Judges.

TATE, Circuit Judge:

The plaintiff, Dixie Myra Clay, appeals from the district court's judgment that her action against the defendant Texas Women's University was barred by the jurisdictional immunity granted to states by the eleventh amendment. Clay principally contends that the district court erred in dismissing her claim for injunctive relief. Finding that the eleventh amendment bars the plaintiff's claims for *both* monetary and injunctive relief, we affirm the judgment of the district court.

### (1)

The plaintiff Clay attended Texas Women's University and was admitted to candidacy for a doctoral degree on April 21, 1975. The university's academic standards required that she complete the degree requirements within five years of her admission to the program in order to receive her doctoral degree. When it became apparent that Clay would be unable to complete her dissertation by May of 1980, she requested and was eventually granted an extension of time to complete her work, provided that she submit a first draft of her completed dissertation to her supervising committee by August 1, 1980. Clay again fell short of her deadlines, and applied for a second time extension, which was denied.

After appealing the denial of the second time extension through the appropriate channels at Texas Women's University, Clay filed the present action in federal district court naming the university as the sole defendant. Clay alleged a denial of her due process rights and sought monetary relief in the form of compensatory and punitive damages, injunctive relief in a request for reinstatement as a doctoral candidate, and attorney's fees. The district court entered a judgment against the plaintiff on the ground that her claims were barred by the eleventh amendment's grant of jurisdictional immunity to states from suits against them in federal court.

Clay now appeals that judgment.

### (2)

Applying the standards set forth by this court in *United Carolina Bank v. Board of Regents of Stephen F. Austin State University,* 665 F.2d 553, 556–567 (5th Cir.1982), the district court concluded that Texas Women's University was an "arm of the state" entitled to the jurisdictional immunity of the eleventh amendment. Since the plaintiff does not question this ruling on appeal, we accept the district court's classification of the university as an entity which can claim the protections of the eleventh amendment.

The eleventh amendment clearly interposes a jurisdictional bar to suits against a state by private parties who seek monetary relief from the state in the form of compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution, and also to suits against a state agency or state official when the monied award is to be paid from the state treasury. *Pennhurst State School & Hospital v. Halderman,* —— U.S. ——, ——–——, 104 S.Ct. 900, 908–09, 79 L.Ed.2d 67 (1984); *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 1143, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan,* 415 U.S. 651, 663–64, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Department of Treasury of the State of Indiana,* 323 U.S. 459, 462–63, 65 S.Ct. 347, 349–50, 89 L.Ed. 389 (1945); *United Carolina Bank v. Board of Regents of Stephen F. Austin State University,* 665 F.2d 553, 560–61 (5th Cir.1982). Treating the defendant university as a state instrumentality entitled to invoke the jurisdictional bar of the eleventh amendment, the district court properly dismissed Clay's claims for monetary relief.

Clay's claims for injunctive relief, however, must be analyzed under a slightly different standard. As a threshold matter, it must be recognized that the eleventh amendment does not foreclose claims in federal court against a state official insofar as a party seeks prospective injunctive relief against such officials on the ground that they are allegedly acting in their official capacities in a manner inconsistent with

federal constitutional restraints. *Pennhurst State School & Hospital v. Halderman,* —— U.S. ——, —— – ——, 104 S.Ct. 900, 908–09, 79 L.Ed.2d 67 (1984); *Edelman v. Jordan,* 415 U.S. 651, 654, 94 S.Ct. 1347, 1356, 39 L.Ed.2d 662 (1974); *Ex Parte Young,* 209 U.S. 123, 155–56, 28 S.Ct. 441, 452, 52 L.Ed. 714 (1908); and *Gay Student Services v. Texas A & M University,* 612 F.2d 160, 165 (5th Cir.), *cert. denied,* 449 U.S. 1034, 101 S.Ct. 608, 66 L.Ed.2d 495 (1980). However, the Supreme Court has held that states and state agencies are also immune as entities from suits for prospective injunctive relief. *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978). (To maintain such an action, therefore, the party seeking such relief must name the individual state officials as parties to the suit.) *See Alabama v. Pugh, supra.*

In *Sessions v. Rusk State Hospital,* 648 F.2d 1066 (5th Cir.1981), this court explained the contours and limits of the immunity of a state and its agencies from prospective injunctive relief. In that case, as here, it was not contested on appeal that Rusk State Hospital was a "state agency." In that context, we stated:

> In *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 56 L.Ed.2d 1114 (1978) (per curiam), the Supreme Court held that, absent an express waiver by the state of its eleventh amendment immunity, *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Employees v. Department of Public Health and Welfare,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973); *Parden v. Terminal Ry.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), neither the state nor its agencies may be sued for injunctive relief in federal court, although injunctive or prospective relief may be sought against state officials without invoking the eleventh amendment bar. *See Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). An award by a federal court of retrospective relief, *i.e.,* damages, payable from the state treasury, is prohibited by the eleventh amendment even though the suit names a state official as the defendant. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). *See Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979). *Alabama v. Pugh* stresses the continuing significance of the distinction between suits against the state or an arm of the state and those against state officials even in actions seeking prospective or injunctive relief. *See Spicer v. Hilton,* 618 F.2d 232, 237 (3d Cir.1980).
>
> However, the eleventh amendment is necessarily limited by the enforcement provisions of Section five of the fourteenth amendment. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Therefore, Congress had power to authorize suits against state employers by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq. Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Unlike Title VII, Section 1981 contains no congressional waiver of the state's eleventh amendment immunity. This indicates that Congress did not intend by the general language of the Civil Rights Act of 1871 to invoke its fourteenth amendment power. *Quern v. Jordan,* 440 U.S. at 342, 99 S.Ct. at 1146, 59 L.Ed.2d at 367 (1979); *Edelman v. Jordan,* 415 U.S. at 675–77, 94 S.Ct. at 1362, 39 L.Ed.2d at 679 (1974). Therefore, the district court erroneously denied Rusk State Hospital's motion to dismiss the Section 1981 claim.

*Sessions, supra,* 648 F.2d at 1069. *See also Ruiz v. Estelle,* 679 F.2d 1115, 1137 n. 75 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983).

■ Clay named Texas Women's University as the sole defendant in her action seeking monetary and injunctive relief. She did not join any of the university administrators or the members of its Board of Trustees as parties to the case. Since it is conceded for present purposes that the university is a state agency, Clay's claims for injunctive relief are barred by the jurisdictional immunity of the eleventh amendment as inter-

preted by the Supreme Court in *Alabama v. Pugh, supra.*

*Conclusion*

In that the plaintiff's claims for both monetary and injunctive relief are foreclosed by the eleventh amendment, we AFFIRM the judgment of the district court.

AFFIRMED.