Frederick D. JONES, and Louis Nabors, Plaintiffs-Appellants,

v.

STATE OF LOUISIANA, Through the BOARD OF TRUSTEES FOR STATE COLLEGES & UNIVERSITIES, et al., Defendants-Appellees.

No. 84–4811

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 12, 1985.

Edward Larvadain, Jr., Alexandria, La., for plaintiffs-appellants.

Bronfin, Heller, Feldman & Steinberg, Robert A. Kutcher, John D. Fricke, Jan Marie Hayden, New Orleans, La., for defendants-appellees.

Before WILLIAMS, JOLLY, and HILL, Circuit Judges.

ROBERT MADDEN HILL, Circuit Judge:

Plaintiffs' racial discrimination suit was dismissed for lack of subject matter jurisdiction based on the Eleventh Amendment immunity of states and arms of the state. Because injunctive relief is not prohibited by the Eleventh Amendment if a state official is named as defendant and because we find that an individual state official was a party defendant despite some technical pleading deficiencies, we reverse the dismissal of the case and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

Frederick D. Jones and Louis Nabors brought a racial discrimination action against the state of Louisiana "through the Board of Trustees for State Colleges and Universities" and Northeast Louisiana University "through Dr. Dwight Vines, President." [1] Jones and Nabors sought to bring the action as a class action on behalf of all black students and/or employees of Northeast Louisiana University. As relief, they sought a preliminary and permanent injunction prohibiting discrimination against "black students in the publications department, housing department, financial aid, student employment assignments, athletics department, hiring of faculty and staff and recruitment which discriminate against plaintiffs and other blacks similarly situated on the basis of race."

The record indicates that the summonses were addressed as follows: "Northeast Louisiana Univeristy [sic], through Dr. Dwight Vines, Pres., Northeast Louisiana Univeristy [sic], Monroe, Louisiana" and "State of Louisiana, through the Board of Trustees for State Colleges and Universities, 151 Riverside Mall, P.O. Box 44307, Baton Rouge, LA." The record does not

---

1. Although Vines is identified in the caption of the complaint, he is not listed as a defendant in the paragraph specifying the defendants in the body of the complaint. However, Vines is re- ferred to throughout the body of the complaint, including in the prayer for relief. Whether Vines has actually been named as a defendant is the central issue on appeal.

reflect who was actually served. However, an answer was filed jointly by the Board of Trustees for State Colleges and Universities (the Board) and Northeast Louisiana University (the University). Subsequently, the foregoing defendants and Vines filed various motions in the case, including motions to compel answers to interrogatories and to impose sanctions. On September 9, 1983, the district court dismissed the complaint with prejudice pursuant to Fed.R. Civ.P. 37(b)(2)(C) for failure to comply with the court's discovery order. Subsequently, in response to plaintiffs' motion to reconsider, the court nullified the dismissal and returned the case to the trial docket.

The Board and the University then filed a motion to dismiss for lack of subject matter jurisdiction or alternatively for failure to state a claim, alleging immunity under the Eleventh Amendment. The district court, noting that neither the state nor an arm of the state may be sued for injunctive relief in federal court absent an express waiver by the state of its Eleventh Amendment immunity, dismissed the case for lack of subject matter jurisdiction. Plaintiffs appeal from this dismissal.

## ANALYSIS

Plaintiffs' argument on appeal is that their complaint was improperly dismissed on Eleventh Amendment grounds because they had named an individual defendant, President Vines, in their complaint, thereby enabling the district court to consider granting injunctive relief. We agree.

■ An initial complaint must be construed liberally. *See* Fed.R.Civ.P. 8(f); *Dickens v. Lewis,* 750 F.2d 1251, 1254 (5th Cir.1984). Mere technical defects in a pleading do not provide a basis for dismissal. This Court has stated that "[t]he policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litiga-

tion from becoming a technical exercise in the fine points of pleading." *Dussouy v. Gulf Coast Investment Corp.,* 660 F.2d 594, 598 (5th Cir.1981). With these policies of rule interpretation in mind, we turn to the insufficiency of the complaint in the present case.

■ The Board and the University argue that Vines is not a party defendant because he is not named in the paragraph in the body of the complaint that lists the defendants. *See supra* note 1. Plaintiffs argue, however, that Vines is a party defendant based on a reading of the complaint in its entirety: the complaint referred to Vines as responsible for the racial discrimination at the University and he is named in the prayer for injunctive relief. Neither side has identified the controlling principle as to who is a party to a complaint. Fed.R. Civ.P. 10(a) provides that all parties must be listed in the *caption* of the complaint. Vines was identified by name in the caption although his name appeared in tandem with the university being sued. We are of the opinion that such a listing is sufficient to confer party status in this case. *Cf. Hernandez-Avila v. Averill,* 725 F.2d 25, 27–29 (2d Cir.1984) (plaintiff who was not identified by name in the caption and did not sign the pleadings was not a party); *Miller v. Director, Middletown State Hospital,* 243 F.2d 527, 527 (2d Cir.1957), *affirming* 146 F.Supp. 674 (S.D.N.Y.1956) (director of hospital identified only by his title in the caption but served with the summons and complaint not entitled to dismissal); *Adams v. School Board of Wyoming Valley West School District,* 53 F.R.D. 267, 268 (M.D. Pa.1971) (individual school board members not listed in caption were not parties in a suit naming the board as a defendant).

■ While we find that Vines was a party defendant in the suit such that dismissal of the action was error,[2] we recognize that some ambiguity was present in

2. Although dismissal in this case was not directly predicated by the district court on whether or not Vines was a party defendant, the district court did assume that he was not in noting that while the Eleventh Amendment conferred im-

munity on the state or an arm of the state, such immunity did not extend to state officials against whom injunctive relief is sought. *See Clay v. Texas Woman's University,* 728 F.2d 714, 715–16 (5th Cir.1984). Because an individual

the complaint as a whole as to whether or not Vines was a defendant, *i.e.,* he was not identified as a defendant in the paragraph listing the defendants and he was listed in tandem with the University in the caption (and the summons). To cure this ambiguity, the plaintiffs may seek to amend the complaint under ·Fed.R.Civ.P. 15(a). Rule 15(a) permits such amendment by leave of the court which "shall be freely given when justice so requires." Amendments to make technical changes concerning a party are proper under Rule 15(a). *See, e.g., Oppenheimer Mendez v. Acevedo,* 512 F.2d 1373, 1374 (1st Cir.1975) (amendment permitted when defendants were sued only in their individual capacities but it was clear from the injunctive relief prayed for that they were being sued in their official capacities as well); *Kedra v. City of Philadelphia,* 454 F.Supp. 652, 657 n. 1 (E.D.Pa.1978) (amendment permitted where plaintiff was named in the body of the complaint but by oversight not in the caption).

For the reasons expressed, we reverse the dismissal of the case and remand for further proceedings. REVERSED AND REMANDED.

Boyce F. Martin, Jr., Circuit Judge, dissented and filed opinion.

state official must be named as a defendant to maintain an action for injunctive relief, *see id.* at 716, whether or not Vines is a party determines the propriety of dismissal based on the Eleventh Amendment.