Sabra R. SULLIVAN, Plaintiff,

v.

UNIVERSITY OF MISSISSIPPI
MEDICAL CENTER,
Defendant.

Civ. A. No. J83–0762(B).

United States District Court,
S.D. Mississippi,
Jackson Division.

Aug. 27, 1985.

George Thomas Sullivan, Collins, Miss., for plaintiff.

Jeffrey A. Walker, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, District Judge.

This matter is before the Court on a Motion to Dismiss or for Summary Judgment filed by the Defendant, the Universi-ty of Mississippi Medical Center, and a Cross-Motion for Summary Judgment filed by the Plaintiff, Sabra R. Sullivan. The Complaint is brought pursuant to 28 U.S.C. Section 1331, federal question jurisdiction; specifically the Rehabilitation Act of 1973, 29 U.S.C. Sections 794 and 794a.[1] The Complaint alleges that the Plaintiff was hired for a nursing position at the University of Mississippi Medical Center on or about January 11, 1983, and was discharged on or about February 14, 1983, because of her handicap.[2] The Complaint alleges a pendant state cause of action under *Miss. Code Ann.* § 43-6-15 (1972) based upon the same allegations. As relief, the Complaint seeks "a declaratory judgment against Defendant for all wages lost by Plaintiff due to the acts of Defendant (which the Court determines to be a request for back pay) [and] injunctive relief against Defendant prohibiting Defendant ... from discharging Plaintiff on account of her handicap ..." and for costs of court and attorney's fees.

Since it is dispositive, only the Defendant's Motion to Dismiss based upon Eleventh Amendment immunity will be considered by the Court.

Generally speaking, the Eleventh Amendment immunizes states and state agencies from suit in federal court, unless the state has consented to be sued, or unless Congressional legislation specifically overrides this immunity. Unless overridden by specific Congressional authority[3],

---

1. Section 794 states in relevant part:
   No other qualified handicapped individual in the United States ... shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.
   Section 794a provides that:
   (a)(2) the remedies, procedures and rights set forth in Title VI of the Civil rights Act of 1964 [42 U.S.C.A. 2000d et seq.] shall be available to any person aggrieved [by violation of Section 794].

2. Plaintiff apparently suffers from and has a medical history of arthritis and cervical and lumbar fusion.

3. *Compare Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) in which the Court held that Congress in enacting Title VII relied on Section 5 of the Fourteenth Amendment, therefore overriding the Eleventh Amendment and making retroactive damage awards available against states, *with Guardians Ass'n. v. Civil Service Comm'n*, 463 U.S. 582, 103 S.Ct. 3221, 77 L.Ed.2d 866 (1983) in which the Court held that Title VI is an exercise of Congressional authority under the Spending Clause rather than Section 5 of the Fourteenth Amendment, *and Employees v. Department of Public Health & Welfare of Missouri*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973) in which the court held that the Fair Labor Standards Act did not override the Eleventh Amendment.

retroactive money awards, such as the request for back pay made by the Plaintiff in the instant action, are forbidden.[4] Furthermore, while prospective injunctive relief is not prohibited by the Eleventh Amendment,[5] the relief sought must be against a specific named public official and not the state or one of its agencies in their own capacity.[6]

The recent Fifth Circuit decision in *Clay v. Texas Women's University*, 728 F.2d 714 (5th Cir.1984) fairly summarizes these principles. In *Clay*, a college student sued the Texas Women's University, seeking monetary damages and an injunction directing the University to reinstate her as a doctoral candidate. Holding that the Eleventh Amendment precluded an award of monetary damages against the University, as an agency of the State of Texas, and that the Eleventh Amendment also barred the request for injunctive relief against the state agency itself, the district court dismissed the action. The Fifth Circuit affirmed noting:

> The eleventh amendment clearly interposes a jurisdictional bar to suits against a state by private parties who seek monetary relief from the state in the form of compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution, and also to suits against a state agency or state official when the monied award is to be paid from the state treasury.... Treating the defendant university as a state instrumentality entitled to invoke the jurisdictional bar of the eleventh amendment, the district court properly dismissed Clay's claims for monetary relief....
>
> ... [I]t must be recognized that the eleventh amendment does not foreclose

claims in federal court against a state official insofar as a party seeks prospective injunctive relief against such officials on the ground that they are allegedly acting in their official capacities in a manner inconsistent with federal constitutional restraints.... However, the Supreme Court has held that states and state agencies are also immune as entities from suits for prospective injunctive relief.... (To maintain such an action, therefore, the party seeking such relief must name the individual state officials as parties to the suit)....

> Clay named Texas Women's University as the sole defendant in her action seeking monetary and injunctive relief. She did not join any of the university administrators or the members of its Board of Trustees as parties to the case. Since it is conceded for present purposes that the university is a state agency, Clay's claims for injunctive relief are barred by the jurisdictional immunity of the eleventh amendment as interpreted by the Supreme Court in *Alabama v. Pugh, supra.*

*Id.* at 715–17 (citations omitted).

The issue was conclusively decided by the Supreme Court in the recent case, *Atascadero State Hospital v. Scanlon*, —— U.S. ——, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985). In *Scanlon*, the plaintiff sued Atascadero State Hospital and the California Department of Mental Health, alleging that the hospital's failure to hire him due to his diabetic condition violated § 794 of the Rehabilitation Act of 1973. Justice Powell, writing for the majority framed the issue succinctly:

> [t]his case presents the question whether States and state agencies are subject to

---

**4.** *See Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945).

**5.** *Ex Parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) discussed the distinction between prospective re-

lief, which is permissible under the Eleventh Amendment, and retroactive relief which is not.

**6.** In *Alabama v. Pugh*, 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978) the Supreme Court ordered the State of Alabama and the State's Department of Corrections dismissed from a lawsuit for injunctive relief, holding that the Eleventh Amendment prohibited suits directly against states and their agencies.

suit in federal court by litigants seeking retroactive monetary relief under § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, or whether such suits are proscribed by the Eleventh Amendment. *Id.* at ——, 105 S.Ct. at 3144. After determining that California's general waiver of sovereign immunity was not a consent to suit in federal court and that California had not consented to suit in federal court by virtue of its acceptance of federal funds under the Rehabilitation Act, the Court concluded:

> We have decided today that the Rehabilitation Act does not evidence an unmistakable congressional purpose, pursuant to § 5 of the Fourteenth Amendment, to subject unconsenting States to the jurisdiction of the federal courts. The Act likewise falls far short of manifesting a clear intent to condition participation in the programs funded under the Act on a state's consent to waive its constitutional immunity.

*Id.* at ——, 105 S.Ct. at 3150.[7]

■ The University of Mississippi Medical Center as an arm of the University of Mississippi is, for purposes of Eleventh Amendment scrutiny, an agency of the State of Mississippi. *Mississippi Constitution,* Article VIII, education Section 213–A; *Miss.Code Ann.* § 37–115–25 (1972); *Jagnandan v. Giles,* 538 F.2d 1166 (5th Cir. 1976); *cert. denied,* 432 U.S. 910, 97 S.Ct. 2959, 53 L.Ed.2d 1083 (1977); *Smith v. Doehler Metal Furniture Co.,* 195 Miss. 538, 15 So.2d 421 (1943); *Coleman v. Whipple,* 191 Miss. 287, 2 So.2d 566 (1941).

For purposes of Eleventh amendment analysis, the facts in the instant care are identical with those in *Clay* and *Scanlon* and the court is of the opinion that this action is barred and the Complaint must be dismissed.

■ With regard to the Plaintiff's pendant state law claims, the Court is of the opinion that the dismissal of the federal cause of action also requires dismissal of the pendant state law claims. *United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The Eleventh amendment deprives a federal court of jurisdiction over a suit for injunctive relief against state officials for violation of a state law. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). The Court therefore concludes that the Plaintiff's pendant state law claims do not survive the dismissal of her federal cause of action.

For the reasons set forth in this Opinion, the Court is of the opinion that the Plaintiff's action is barred by the Eleventh Amendment and must be dismissed.

Although not reached due to the dismissal of the Plaintiff's action, the Court notes that the Plaintiff's Cross-Motion for Summary Judgment on the issue of her qualification to hold her job is factually contested by the Defendant and would therefore not be appropriately granted in any event.

Accordingly, the Complaint is dismissed at the cost of the Plaintiff.

---

**7.** Several lower courts had held that the Eleventh Amendment bars retroactive money awards pursuant to the Rehabilitation Act against states and their agencies. *See, e.g., Sanders by Sanders v. Marquette Public Schools,* 561 F.Supp. 1361 (W.D.Mich.1983); *Parks v. Pavkovic,* 536 F.Supp. 296 (N.D.Ill.1982); *Patton v. Dumpson,* 498 F.Supp. 933 (S.D.N.Y.1980).