IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50374
Summary Calendar
_____

PATRICIA L. FENNELL, also known as Patty L. Fennell;
RAMESES SCHOOL OF SAN ANTONIO, TEXAS, as Represented by Patty
Fennell,

Plaintiffs-Appellants,

versus

THE TEXAS EDUCATION AGENCY, Mike Moses, Pat Pringle, Linda Mora,
Tom Canby, Jim Thompson, Nora Rainey, David Loeske, Rita Chase,
Delia Blanco, Michael Richmond, Linda Mora, Judge Joan Allen &
Mr. Brooks Flemister, all in their Official Capacities; THE
TELECOMMUNICATIONS INFRASTRUCTURE BOARD,

Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-99-CV-1044-FB
---------------------
August 22, 2001

Before DeMOSS, PARKER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Patricia L. Fennell ("Fennell") and the Rameses School of San

Antonio, Texas ("Rameses") appeal from the dismissal of their

action against the Texas Education Association ("TEA"), the Texas

Infrastructure Board ("TIF Board"), and twelve state officials

sued, with one exception, in both their official and individual

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

capacities. The action sought compensatory damages, punitive damages, the restoration of a $40,000 grant, and the permanent continuation of Rameses as a state charter school.

The district court dismissed all claims against the TEA and the TIF Board for lack of subject matter jurisdiction based on the defendants' Eleventh Amendment immunity. "In the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). This bar to federal jurisdiction "applies regardless of the relief sought." Id. Appellants' reliance on Monell v. Department of Social Servs., 436 U.S. 658 (1978), is misplaced. Monell concerned suit under 42 U.S.C. § 1983 against a municipality, and in no way suggests that state agencies are subject to suit in federal court.

The district court likewise dismissed all claims against the state officers sued in their official capacities for lack of subject matter jurisdiction. Suits against state officers in their official capacities seeking the payment of moneys from the state treasury for alleged compensatory damages, monetary damages, and payments in the nature of equitable restitution are barred by the Eleventh Amendment. See Clay v. Texas Women's Univ., 728 F.2d 714, 715 (5th Cir. 1984). The Eleventh Amendment "may not be evaded by suing state employees in their official capacity since such an indirect pleading device remains in essence a claim upon the state treasury." Stem v. Ahearn, 908 F.2d 1, 3 (5th Cir. 1990). Likewise, although a federal court may award prospective injunctive

relief based on a violation of federal law, see Edelman v. Jordan, 415 U.S. 651, 666-67 (1974), federal courts are forbidden "from exercising remedial authority in any form if the award of such relief against a nonconsenting state is based on a state law claim." Lelsz v. Kavanagh, 807 F.2d 1243, 1252 (5th Cir. 1987).

The district court also ruled that plaintiffs' claims under 42 U.S.C. §§ 1981 and 1983 against the state officers in their individual capacities were barred by qualified immunity. In qualified immunity cases, plaintiffs are held to a heightened pleading requirement which demands "allegations of fact focusing specifically on the conduct of the individual who caused the plaintiffs' injury." Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999). Suits against governmental actors in their individual capacities "must be pleaded with factual detail and particularity, not mere conclusionary allegations." Anderson v. Pasadena Indep. Sch. Dist., 184 F.3d 439, 443 (5th Cir. 1999) (quotations and citations omitted). Fennell and Rameses offer only conclusory allegations and fail to show why the state officials are not entitled to qualified immunity; accordingly, their claims under §§ 1981 and 1983 were properly dismissed. See id.

Finally, the district court ruled that the complaint failed to state a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(1)-(15). Fennell does not brief the issue of the Title VII claim's dismissal, and has thereby abandoned any arguments she might conceivably assert. Even *pro se* litigants must brief arguments in order to preserve them. See Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). Arguments not adequately argued

in the body of the brief are deemed abandoned on appeal.  See id. at 224-25.

The judgment of the district court is in all respects AFFIRMED.