William O'ROURKE, Individually; Laura O'Rourke, Individually; & Laura O'Rourke, as Next Friend of Brock O'Rourke, Plaintiffs,

v.

UNITED STATES of America; University of Texas Medical Branch, Galveston; Beth Serrano, M.D.; Antonio J. Villasan, M.D.; and E. Barby, P.A. Attorney General, Defendants.

No. 1:03–CV–325.

United States District Court, E.D. Texas, Beaumont Division.

Jan. 7, 2004.

Ronald L. Bair, of Bair & Fountain, PC, Houston, TX, for Plaintiffs.

Andrea Hedrick Parker, U.S. Attorney's Office, Beaumont, TX, for United States, Beth Serrano, E. Barby.

Cherie K. Batsel, Attorney General's Office, State of Texas, Austin, TX, for University of Texas Medical Branch, Galveston, Antonio J. Villasan.

John R. Strawn, Jr. of Cruse, Scott, Henderson & Allen, Houston, TX, for Robert Leland Hardy.

## ORDER GRANTING UNIVERSITY OF TEXAS MEDICAL BRANCH'S MOTION TO DISMISS

SCHELL, District Judge.

This matter is before the court on "Defendant University of Texas Medical Branch at Galveston's Plea to the Jurisdiction and Motion to Dismiss with Brief in Support" (Dkt.# 6). Upon consideration of the motion, response, reply, and applicable law, the court is of the opinion that Defendant's motion should be granted.

## I. FACTUAL BACKGROUND

In this action, Plaintiffs have made the following allegations. Plaintiff William O'Rourke was incarcerated in various federal prisons from March 17, 2000, through January 22, 2002. Pls.' Orig. Compl., ¶ 15. During his incarceration, O'Rourke "complained repeatedly and sought treatment for rectal bleeding, pain and constipation." *Id.* The doctors who treated O'Rourke failed to diagnose his "rectal cancer," and because of this failure, O'Rourke's cancer spread, causing him to have to undergo "chemotherapy, radiation, and surgery to remove his rectum and colon." *Id.*, ¶¶ 15–16. The cancer was not properly diagnosed until after O'Rourke was released from prison. *Id.*, ¶ 16. O'Rourke's doctors have indicated that his cancer may be terminal. *Id.* Otherwise, O'Rourke claims to have suffered "impaired sexual functions, depression, disfigurement and permanent physical impairment." *Id.*, ¶ 17. He now has to wear a "permanent colostomy," and he has been "unable to work and provide for his family." *Id.* Additionally, O'Rourke claims that he "suffered excruciating pain" during the time he was not properly diagnosed and that he "continues to suffer pain as a result of this surgery and subsequent treatment for the rectal cancer." *Id.*, ¶ 18. Finally, O'Rourke claims to have suffered "emotional distress at the change in his lifestyle and the unknown nature of whether or not he will survive his cancer." *Id.*

## II. PROCEDURAL POSTURE

On May 29, 2003, Plaintiffs filed the original complaint in this action, alleging violations of the Federal Tort Claims Act, 28 U.S.C. § 1346(b), Section 101.101(a) of the Texas Tort Claims Act, and Article 4590i of the Texas Revised Civil Statutes. On August 5, 2003, Defendant University of Texas Medical Branch ("UTMB") filed a motion to dismiss (Dkt.# 6). UTMB has moved the court to dismiss Plaintiffs' claims based on Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Def. Univ. of Tex. Med. Branch at Galveston's Plea to the J. & Mot. to Dismiss with Br. in Supp. at 3.

## III. MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

The Fifth Circuit has held that "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. Unit-*

*ed States,* 281 F.3d 158, 161 (5th Cir.2001) (citing *Hitt v. City of Pasadena,* 561 F.2d 606, 608 (5th Cir.1977) (per curiam)). Considering Rule 12(b)(1) motions first, "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* When the court dismisses because the plaintiff lacks subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction." *Id.*

■■■ District courts have "the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir.1981); *Barrera–Montenegro v. United States,* 74 F.3d 657, 659 (5th Cir.1996): *Kelly v. Syria Shell Petroleum Development,* 213 F.3d 841, 845 (5th Cir.2000) (quoting *Robinson v. TCI/US West Communications Inc.,* 117 F.3d 900, 904 (5th Cir.1997)); *Ramming,* 281 F.3d at 161. It is well established that when a defendant files a Rule 12(b)(1) motion, a court may weigh and balance factual evidence to determine whether jurisdiction is appropriate. *Williamson,* 645 F.2d at 413(citing *Land v. Dollar,* 330 U.S. 731, 735 n. 4, 67 S.Ct. 1009, 91 L.Ed. 1209 (1947)); *MDPhysicians & Assocs., Inc. v. State Bd. of Insurance,* 957 F.2d 178, 180–81 (5th Cir.1992); *Forsythe v. Saudi Arabian Airlines Corp.,* 885 F.2d 285, 289 n. 6 (5th Cir.1989); *Ramming,* 281 F.3d at 161. District courts are not "limited to an inquiry into undisputed facts." *Williamson,* 645 F.2d at 413. If they so choose, they may "hear conflicting written and oral evidence and decide … the factual issues that determine jurisdiction." *Id.* As no statute or rule proscribes procedures for the determination of facts underlying jurisdictional questions, the Supreme Court has held that the method of conducting such a factual determination is left to the discretion of the district court. *Land v. Dollar,* 330 U.S. at 735 n. 4, 67 S.Ct. 1009.

■■■ The Fifth Circuit has, however, stated one limitation on the district court's discretion. If a defendant's motion to dismiss raises factual issues, the plaintiff must be given an "opportunity to be heard on the factual matters underlying jurisdiction." *Williamson* at 414. This is so, at least partly, because "[t]he burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming,* 281 F.3d at 161 (citation omitted).

■■■ Unlike the circumstance in which a defendant attacks jurisdiction based solely on the allegations of the complaint, the plaintiff's factual allegations are not presumed to be true when the defendant's motion to dismiss hinges on the determination of a factual issue. *Evans v. Tubbe,* 657 F.2d 661, 663 (5th Cir.1981) (citing *Williamson* at 412–23 & *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir.1981)). The party opposing the motion to dismiss must actually prove facts supporting the determination that federal subject matter jurisdiction exists. Otherwise, dismissal for lack of subject matter jurisdiction is appropriate where "the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming,* 281 F.3d at 161 (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.,* 143 F.3d 1006, 1010 (5th Cir.1998)).

## IV. ANALYSIS

■■■ Defendant UTMB has moved the court to dismiss Plaintiffs' claims because, in the absence of a waiver of sovereign

immunity, the Eleventh Amendment to the United States Constitution "deprives a federal court of jurisdiction to hear . . . a suit against the State of Texas or one of its agencies." Def. Univ. of Tex. at Galveston's Plea to the J. and Mot. to Dismiss with Br. in Supp. at 3.

■ The Eleventh Amendment states:

The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. CONST. amend. XI. Although on its face, the Eleventh Amendment does not prohibit a federal district court from hearing a suit against a state brought by one of its own citizens, the Supreme Court "has consistently held that an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993); *see also Papasan v. Allain*, 478 U.S. 265, 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986); *Edelman v. Jordan*, 415 U.S. 651, 662–63, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Hans v. Louisiana*, 134 U.S. 1, 18–19, 10 S.Ct. 504, 33 L.Ed. 842 (1890). The Court has recently explained that the limited text of the Eleventh Amendment was never intended to delineate the full scope of the doctrine of sovereign immunity, which predates the Constitution itself. *Alden v. Maine*, 527 U.S. 706, 712, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). Rather, the Court has held that the Eleventh Amendment was added to the Constitution to confirm, rather than establish, sovereign immunity as a constitutional principle. *Id.* at 728, 119 S.Ct. 2240. Regardless, the practical effect of the Court's Eleventh Amendment jurisprudence is to establish that, "[a]bsent waiver, neither a state nor agencies acting under its control may 'be subject to suit in federal court.'" *Puerto Rico Aqueduct & Sewer Auth.*, 506 U.S. at 144, 113 S.Ct. 684 (quoting *Welch v. Texas Dept. of Highways & Pub. Transp.*, 483 U.S. 468, 480, 107 S.Ct. 2941, 97 L.Ed.2d 389 (1987)).

■ In the instant case, the Defendant UTMB is an agency of the State of Texas. Chapter 65 of the Texas Education Code defines the University of Texas Medical Branch at Galveston as being included in the University of Texas System. TEX. EDUC.CODE § 65.02(a)(8). The University of Texas System is "an institution which is inarguably a state agency or governmental body." *C.f. Saenz v. Univ. Interscholastic League*, 487 F.2d 1026, 1027 (5th Cir.1973) (stating that the University of Texas at Austin, also defined by TEX. EDUC.CODE § 65.02(a)(2) to be part of the University of Texas System, is "inarguably a state agency"); *Lowe v. Texas Tech University*, 540 S.W.2d 297, 298 (1976) (stating that Texas Tech is a state agency).

Since UTMB is a state agency, Plaintiffs must establish that the State of Texas has waived its sovereign immunity to suit in federal district court for jurisdiction to be proper. As both a factual and legal matter, such a demonstration is impossible.

■ First, Plaintiffs have sued UTMB under the Federal Tort Claims Act, which generally waives the *federal* government's sovereign immunity from "civil actions . . . for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . . ." 28 U.S.C. § 1346(b). Plaintiffs have argued that this court has subject matter jurisdiction over Plaintiffs' FTCA claim because UTMB caused Plaintiffs' injuries while acting as

an agent of the federal government.[1] Pls.' Orig. Compl., ¶ 19. The Fifth Circuit, however, has held that UTMB is an agency of the State of Texas and, as such, is immune to suit in federal court under the Eleventh Amendment. *Sampson v. United States,* 73 Fed.Appx. 48, 49 (5th Cir. 2003) (per curiam). Moreover, regardless of UTMB's status as a state agency, UTMB is not subject to suit under the Federal Tort Claims Act while acting as a contract healthcare provider[2] for the federal prison system. *Id.; see also Linkous v. United States,* 142 F.3d 271, 275 (5th Cir.1998); *Rodriguez v. Sarabyn,* 129 F.3d 760, 765 (5th Cir.1997) (holding that the Federal Tort Claims Act does not apply to the actions of independent contractors); *Davis v. United States,* 961 F.2d 53, 57 (5th Cir.1991).

■■■■■ In their second claim, Plaintiffs have sued UTMB under the Texas Tort Claims Act. This claim is also barred by the Eleventh Amendment. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 101–02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Quern v. Jordan,* 440 U.S. 332, 337, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Sampson,* 73 Fed.Appx. at 49; *Clay v. Texas Women's University,* 728 F.2d 714, 715 (5th Cir.1984). While it is true that the Texas Tort Claims Act constitutes a limited waiver of sovereign immunity for certain torts, the Texas legislature has mandated that suits brought under the Texas Tort Claims Act must be brought in Texas state courts. TEX. CIV. PRAC. & REM. CODE § 101.102 (reading "[a] suit under this chapter shall be brought in state court"). Texas is well within its rights to waive its common law immunity from suit in its own courts but not its Eleventh Amendment immunity from suit in federal courts. *United Carolina Bank v. Bd. of Regents of Stephen F. Austin State Univ.,* 665 F.2d 553, 559 (5th Cir.1982) (citing *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 172, 29 S.Ct. 458, 53 L.Ed. 742 (1909) for the proposition that "waiver for purposes of suit in state courts does not necessarily waive immunity for actions in federal courts").

■■■ Since waivers of sovereign immunity may be found "in only the most exact-

---

1. Consistent with the Fifth Circuit requirement in *Williamson,* Plaintiffs have been afforded the opportunity to support this allegation but instead have opted to waive the argument. Plaintiffs' opportunity arose in Plaintiffs' response to Defendant's motion to dismiss, at which time Plaintiffs could have responded to Defendant's argument that UTMB is an agency of the State of Texas and not an agent of the federal government. Def. Univ. of Tex. Med. Branch at Galveston's Plea to the J. & Mot. to Dismiss with Br. in Supp. at 3. In Plaintiffs' response, however, Plaintiffs have summarily requested that the court exercise supplemental jurisdiction over their state-law claims and make no mention whatsoever of their prior argument that a FTCA action against UTMB is proper. Pls.' Resp. to Def. Univ. of Tex. Med. Branch at Galveston's Plea to the J. & Mot. to Dismiss, ¶¶ 1–2. Because Plaintiffs have not opposed Defendant's assertion that UTMB is a state and not federal agency, the court will assume that Plaintiffs agree with that assertion. EASTERN DIST. TEX.R. CV–7(d).

2. Plaintiffs have supplied evidence that UTMB provides medical care under a "managed health care contract" with the Federal Correctional Complex in Beaumont, Texas. Pls.' Orig. Complaint, Ex. B. In Exhibit B, the United States Department of Justice states, "[a]ll health care at the Federal Correctional Complex, Beaumont, Texas is provided under a managed health care contract by the University of Texas Medical Branch (UTMB)."

Plaintiffs did not actually designate the documents attached to "Plaintiffs' Original Complaint" as exhibits. The court, however, designates them as such to make them easier to cite. To be clear, when the court refers to "Exhibit B," the court refers to a letter dated January 6, 2003, from the U.S. Department of Justice, Federal Bureau of Prisons, to Laura O'Rourke regarding "Administrative Tort Claim No. TRT–SCR–2003–00093."

ing circumstances ...'[,] the State's consent [to suit in federal court must] must be unequivocally expressed.'" *Magnolia Venture Capital Corp. v. Prudential Securities, Inc.*, 151 F.3d 439, 443 (5th Cir. 1998) (quoting *Pennhurst State Sch. & Hosp.*, 465 U.S. at 99, 104 S.Ct. 900). In this case, no such waiver exists. In fact, by submitting to suit in *only* its own courts, the State of Texas has indicated its intent not to consent to suit in federal court.

## V. CONCLUSION

For the reasons stated above, this court lacks jurisdiction to hear Plaintiffs' claims against Defendant UTMB. Those claims are therefore DISMISSED. It is so ORDERED.