# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 21, 2013

No. 12-50244

Lyle W. Cayce
Clerk

TEXAS INDIGENOUS COUNCIL; ANTONIO DIAZ,

Plaintiffs–Appellants

v.

G. D. SIMPKINS, Sergeant; G. ANDRADE, Officer; D. JOHNSON, Officer;
RANDALL K. TUCKER, Officer,

Defendants–Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-315

Before REAVLEY, PRADO, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiffs–Appellants Antonio Diaz and the Texas Indigenous Council (collectively "Diaz") appeal the district court's grant of summary judgment for Defendants–Appellees based on Diaz's failure to properly plead a constitutional violation under 42 U.S.C. § 1983. Because Diaz should have been permitted to amend his complaint to specifically invoke § 1983, we REVERSE the district court's judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-50244

## Background

Antonio Diaz leads the Texas Indigenous Council, an organization politically active in human rights issues. On April 29, 2009, Diaz learned that Rodolfo Macias, a Mexican citizen seeking assistance with his immigration status, was injured when he was dragged from the Mexican consulate by San Antonio police officers. Concerned with how the police treated Macias, Diaz and other Council members met at the hospital to assess Macias's condition. The group intended to assemble on the sidewalk, about thirty feet across from the emergency room entrance, until Macias was released.

Two hospital security officers informed Sergeant Gary Simpkins about the group gathering outside the hospital. Sergeant Simpkins had been involved with Macias's arrest and was at the hospital following up on the incident. Simpkins spoke with the group multiple times that evening and eventually informed them that they were violating Texas Penal Code section 42.03, which makes it illegal to obstruct a public sidewalk. He requested that they clear the sidewalk and stated that he could arrest them if they did not leave. When the group refused to leave, Simpkins and Officers Dariel Johnson and Gregory Andrade arrested Diaz and the other members, and Officer Randall Tucker transported them to the San Antonio Police Department booking facility.

Two years later, Diaz sued Simpkins, Andrade, Johnson, and Tucker, alleging that the officers' enforcement of Texas Penal Code section 42.03 violated his "rights guaranteed by the U.S. Constitution and Texas Constitution." Specifically, Diaz alleged that the officers deprived him of the right to peaceably assemble in violation of both the First Amendment and the Texas Bill of Rights. The officers filed a "Motion to Dismiss and/or Motion for Summary Judgment," advancing four arguments: (1) Diaz failed to state a claim for the First Amendment violation because he never specifically invoked 42 U.S.C. § 1983 and instead pleaded his claim directly under the U.S. Constitution, (2) the Council

2

No. 12-50244

lacked standing to sue on behalf of any members other than Diaz, (3) the officers were entitled to qualified immunity for the federal claim, and (4) the officers were entitled to official immunity for the state law claim. Ten days after receiving the officers' motion, Diaz sought leave to amend his complaint "to include a prayer of relief under 42 U.S.C. § 1983" and to add a new cause of action for the wrongful arrest of Diaz in violation of the Fourth Amendment. The magistrate judge denied the motion because Diaz had failed to show "good cause."

Diaz then responded to the summary judgment motion and also requested that the district court reconsider the magistrate judge's denial of leave to amend. After a hearing, the district court denied Diaz's request to reconsider the motion for leave to amend because "the Magistrate Judge's decision was not clearly erroneous given the facts of this case." The court also granted the officers summary judgment. The court determined that summary judgment was appropriate on the federal claim because Diaz "failed to properly plead that claim under 42 U.S.C. § 1983" and found "no competent summary judgment evidence . . . to overcome the claim of official immunity" on the state law claim. Diaz timely appealed.

## Discussion

Diaz argues that the district court erred in dismissing his federal claim without allowing leave to amend. We review for abuse of discretion a district court's denial of leave to amend. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002).

The analysis in this case is affected by the district court's use of a scheduling order. When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings. Rule 16(b) governs a party's request to amend its pleading *after* a scheduling order's deadline to amend has passed. *Fahim v. Marriott Hotel*

No. 12-50244

*Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).  Under Rule 16(b), a party can have the deadline extended only for good cause and with the judge's consent.  *Id.* Good cause requires a party "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S&W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535 (5th Cir. 2003).  Four factors are relevant to this analysis: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Fahim*, 551 F.3d at 348 (quoting *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)).  If the party meets the good-cause standard, the deadline can be extended, and the more liberal standard of Rule 15(a) will then apply to the request for leave to amend.  *Id.*

Here, four months after the scheduling order deadline, Diaz sought leave to amend his complaint in two ways: (1) to add a new cause of action for wrongful arrest, and (2) to explicitly invoke § 1983 for his First Amendment claim.  Because Diaz sought to replead after the relevant deadline had passed, he was required to show good cause under Rule 16 to justify an extension of the deadlines.

Diaz cannot show good cause to justify allowing him to add a new cause of action for wrongful arrest.  First, this request was unaccompanied by an adequate explanation for the delay.  Diaz argued that he was unable to timely seek leave to amend to include the wrongful arrest claim because the officers raised the issue of probable cause for the first time in their motion for summary judgment when they argued that probable cause for Diaz's arrest precluded any constitutional violation.  Diaz argues that this defense put probable cause at issue in the case, creating the need to amend the complaint and add a wrongful arrest claim.  But this justification is undermined by the language Diaz used in advancing his First Amendment claim.  Diaz alleged that he and the others were

lawfully gathered on the sidewalk but were "forcibly restricted of their constitutionally-protected rights through *unlawful arrest*." (emphasis added). Indeed, Diaz's complaint contains multiple references to an "unlawful arrest" on the part of the officers. Thus, it is unclear why a wrongful arrest claim could not have been raised earlier in the case. Neither discovery nor the motion for summary judgment revealed any previously unknown evidence indicating the availability of a new cause of action. Additionally, because the discovery period ended before Diaz sought leave to amend, the officers would have been prejudiced if they had been forced to defend against a new claim and basis for recovery so late in the litigation. Though the district court could have continued the case to reopen discovery, it was by no means required to. Instead, the court was afforded "broad discretion to preserve the integrity and purpose of [its] pretrial order," *S&W Enters.*, 315 F.3d at 535, and it acted within that discretion in denying leave to add the new claim.

Diaz's request to amend his complaint to invoke § 1983, however, presents a different question. We have long held that "[m]ere technical defects in a pleading do not provide a basis for dismissal." *Jones v. Louisiana*, 764 F.2d 1183, 1185 (5th Cir. 1985). Instead, the federal rules "permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading." *Id.* (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Diaz's failure to specifically cite § 1983 was at best an unintentional, technical pleading mistake, which the officers did not raise until after it was too late for Diaz to cure the defect. Once made aware of the error, Diaz sought leave to amend, confirming what the parties had known all along—that Diaz intended to assert a constitutional violation via § 1983. The officers would have suffered little, if any, prejudice if the amendment were allowed as they had prepared their case under § 1983, asserting the qualified immunity defense associated with such a

claim.  By contrast, denying leave to amend determined the outcome of the case. Under these circumstances, Diaz established good cause under Rule 16 to justify extending the deadlines of the scheduling order.

Once good cause is established, Rule 15's more liberal pleading standard applies to the district court's decision to deny leave.  *S&W Enters.*, 315 F.3d at 536.  Rule 15 provides that the court "should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "Granting leave to amend is especially appropriate, in cases such as this, when the trial court has dismissed the complaint for failure to state a claim."  *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977) (citation omitted).  "Permission should be denied only if it appears to a certainty that plaintiffs cannot state a claim showing they are entitled to relief or defendant will be unduly prejudiced."  *Hildebrand v. Honeywell, Inc.*, 622 F.2d 179, 182 (5th Cir. 1980) (citations omitted).  Because that is not the case here, leave to amend to allege a First Amendment violation under § 1983 should have been granted.  Accordingly, we remand to the district court to determine the merits of Diaz's First Amendment claim.  Because we are remanding for the district court to address the merits of the officers' qualified immunity defense for the First Amendment claim, we do not address the district court's determination that the officers were entitled to official immunity on Diaz's state law claim.  The district court is free to consider that claim on remand.

## Conclusion

For the foregoing reasons, we REVERSE the district court's judgment and REMAND for proceedings consistent with this opinion.